IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BENJAMIN SCHOENTHAL, MARK WROBLEWSKI, JOSEPH VESEL, and DOUGLAS WINSTON,<br><br>Plaintiffs,<br><br>v.<br><br>KWAME RAOUL, in his official capacity as Attorney General of Illinois,<br><br>RICK AMATO, in his official capacity as State's Attorney of DeKalb County, Illinois,<br><br>ROBERT BERLIN, in his official capacity as State's Attorney of DuPage County, Illinois,<br><br>KIMBERLY M. FOXX, in her official capacity as State's Attorney of Cook County, Illinois,<br><br>ERIC RINEHART, in his official capacity as State's Attorney of Lake County, Illinois,<br><br>Defendants. | Case No. 3:22 CV 50326 |

PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO STAY PROCEEDINGS

Plaintiffs BENJAMIN SCHOENTHAL, MARK WROBLEWSKI, JOSEPH

VESEL, and DOUGLAS WINSTON, by and through LAW FIRM OF DAVID G.

1

SIGALE, P.C., their attorney, respectfully submit this Memorandum in Opposition to Defendant Kimberly M. Foxx's Motion to Stay.[1]

## INTRODUCTION

Plaintiffs are law-abiding citizens seeking to protect their constitutional right to keep and bear arms in public for self-defense. Illinois' prohibition on carriage on public transportation and in public transportation facilities, *see* 430 ILCS 66/65 (a)(8), infringes Plaintiffs' Second and Fourteenth Amendment rights because it is not consistent with this nation's historical tradition of firearms regulation under *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111, 2122 (2022). Defendant now moves to stay this case pending the disposition of *United States v. Rahimi*, 61 F.4th 433 (5th Cir. 2023), *cert. granted* 143 S. Ct. 2688 (Mem) (June 30, 2023). *See* Defs.' Mot. to Stay, Doc. No. 52 (Oct. 23, 2023) ("Mot."). For the foregoing reasons, Defendant's motion should be denied.

## ARGUMENT

This Court considers three factors when deciding to stay a case: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). And "'if there is even a fair possibility that the stay . . . will work damage to some one else,' the party seeking the stay 'must make out a clear case of hardship or inequity in being

---

[1] State Defendants do not oppose the motion to stay, *see* Mot. at 2–3, but have not filed their own motion. The Motion made no reference to the other county Defendants.

2

required to go forward.'" *Id.* (quoting *Landis v. N. American Co.*, 299 U.S. 248, 255 (1936) (cleaned up)). All three factors favor denying Defendant's motion.

*First*, Plaintiffs will be unduly prejudiced if this Court stays the case. This suit involves a restriction on Plaintiffs' fundamental right to carry firearms for lawful self-defense in public. Every day that this law continues to be enforced Plaintiffs are irreparably harmed because they cannot defend themselves on the public transportation they frequent. Like the First Amendment right to free speech, the Second Amendment right to carry firearms for self-defense "protects . . . intangible and unquantifiable interests" the infringement of which "cannot be compensated by damages." *Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011). It therefore follows that "irreparable harm is presumed" for the ongoing infringement of Second amendment rights. *Id.* Because this case involves a restriction on a fundamental right, this Court should not delay its resolution. While *Rahimi* was argued before the Supreme Court on November 7, 2023 (the date of filing of this Response), the decision likely will not issue until next year, potentially as late as June. There is more than a "fair possibility that the stay . . . will work damage" to Plaintiffs, *Pfizer Inc.*, 640 F. Supp. 2d at 1007, because they will not be able to exercise their constitutional right to carry firearms for self-defense on public transportation for many more months if this Court waits for the *Rahimi* decision.

*Second*, the Supreme Court's disposition of *Rahimi* is not likely to simplify the issues in question. The question presented in *Rahimi* is whether 18 U.S.C. § 922(g)(8), which prohibits the possession of firearms by people subject to domestic

3

violence protective orders, violates the Second Amendment. As Defendant concedes, see Mot. at 3, the facts of this case and *Rahimi* could not be more different. Plaintiffs here are ordinary, law-abiding citizens, whereas Mr. Rahimi was subject to a protective order for posing a credible threat of violence to an intimate partner. Plaintiffs here challenge an Illinois law banning carriage by all citizens on public transportation, while Mr. Rahimi challenges a provision of federal criminal law barring firearm possession by people subject to domestic violence protective orders. In sum, *Rahimi* involves the question of *who* can be denied the right to *possess* a firearm, while this case involves the question of *where* individuals - who all concede have not forfeited their Second Amendment rights - can *carry* them. It is therefore unlikely that *Rahimi* would simplify the issues here given its entirely different circumstances of that case.

Additionally, neither party in *Rahimi* asks the Court to overturn or modify *Bruen*. Instead, both parties operate within the *Bruen* framework, offering and arguing about historical analogues. The Supreme Court, deciding the question presented to it, is expected to rule on the constitutionality of § 922(g)(8), not make a broader pronouncement about the Second Amendment by overruling or dramatically modifying the *Bruen* test. Indeed, it would be strange for the Court to do so given how recently *Bruen* was decided and given that neither party is asking for *Bruen* to be revisited. Defendant's position—taken to its logical conclusion—is that any Second Amendment suit currently pending could be stayed because the Supreme Court might say something relevant about the amendment in *Rahimi*.

This is nonsensical and would not be tolerated for other constitutional rights. Because "[t]he constitutional right to bear arms in public for self-defense is not a second-class right," it cannot be "subject to an entirely different body of rules than the other Bill of Rights guarantees." *Bruen*, 142 S. Ct. at 2156 (quotations omitted).

*Third*, a stay here would not reduce the burdens of litigation. The *Bruen* test is far easier than Defendant makes it out to be. While Defendant claims that *Bruen* presents courts with "few defined boundaries" and cites dissents and concurrences in which individual judges thought it difficult to apply, *see* Mot. at 3–4, Defendant ignores that the Court provided much guidance to courts about how the historical tradition test operates. For example, *Bruen* explained that any historical analogues must be relevantly similar in "how and why" they burden individuals' Second Amendment rights. *Bruen*, 142 S. Ct. at 2133. Analogues must also be widespread, rather than localized. *See id.* at 2154. And because "not all history is created equal," courts must take care to analyze Founding-era analogues, lest they "giv[e] postenactment history more weight than it can rightly bear." *Id.* at 2136. Reasoning by analogy in the way *Bruen* demands is "a commonplace task for any lawyer or judge." *Id.* at 2132. No history doctorates are required, as Defendant suggests. *See* Mot. at 4.

Many courts have applied *Bruen*'s test in a diverse array of cases challenging state restrictions on carriage. *See, e.g.*, *Koons v. Platkin*, No. 22-cv-7464, 2023 WL 3478604, at *72–89 (D.N.J. May 16, 2023) (preliminarily enjoining New Jersey's bans on carriage in various public places); *Christian v. Nigrelli*, 642 F. Supp. 3d

5

393, 406–08 (W.D.N.Y. 2022) (preliminarily enjoining New York's ban on carriage on private property without consent of the owner) (stayed pending the Second Circuit's resolution of the preliminary injunction appeal); *Hardaway v. Nigrelli*, 639 F. Supp. 3d 422, 440–43 (W.D.N.Y. 2022) (preliminarily enjoining New York's ban on carriage in houses of worship) (stayed pending the Second Circuit's resolution of the preliminary injunction appeal). Courts have even applied *Bruen* without issue to the precise question presented here. *See, e.g.*, *Antonyuk v. Hochul*, 639 F. Supp. 3d 232, 331 (N.D.N.Y. 2022) (enjoining state ban on carriage in certain types of public transportation). Most importantly, the lower courts have continued to resolve cases under *Bruen* since the Supreme Court granted certiorari in *Rahimi*. *See, e.g.*, *Teter v. Lopez*, 76 F.4th 938, 954 (9th Cir. 2023) (holding unconstitutional under *Bruen* a ban on butterfly knives); *Srour v. New York City*, No. 22-cv-3, 2023 WL 7005172, at *18–19 (S.D.N.Y. Oct. 24, 2023) (holding unconstitutional under *Bruen* provisions of New York City's code allowing licensing officials to evaluate applicants' moral character); *Kipke v. Moore*, No. 1-23-cv-1293, 2023 WL 6381503, at *11, 14, 16 (D. Md. Sept. 29, 2023) (preliminarily enjoining under *Bruen* Maryland's ban on carriage in private property without consent of the owner, locations selling alcohol, and around public demonstrations); *Wolford v. Lopez*, No. 1:23-cv-00265, 2023 WL 5043805, at *19–29 (D. Haw. Aug. 8, 2023) (temporarily enjoining Hawaii's ban on firearm carriage in various public places). Even more cases asking courts to apply *Bruen* now—some of which also involve public transportation—are waiting in the wings. *See, e.g.*, *Carralero v. Bonta*, No. 8:23-cv-

1798 (C.D. Cal. Sept. 26, 2023) (challenging California's restrictions on carriage in public places, including on public transportation). While all of these cases and more have been moving forward, Plaintiff is not aware of any case challenging restrictions on where law-abiding citizens can carry firearms that has been stayed pending resolution of *Rahimi*.

Additionally, a stay would not materially affect the burdens of litigation because under *Bruen*, large amounts of fact discovery are unnecessary. The "historical research required under *Bruen* involves issues of so-called 'legislative facts'—those 'which have relevance to legal reasoning and the lawmaking process' . . . rather than adjudicative facts, which 'are simply the facts of the particular case.'" *Teter*, 76 F.4th at 946–47 (quoting FED. R. EVID. 201, 1972 advisory committee note). Because such legislative facts are drawn from *historical* sources from around the time of the Founding, or potentially sources leading up to when the Fourteenth Amendment was ratified in 1868 to confirm Founding-era traditions, Defendant can compile them now. Individualized fact discovery is simply not necessary. Indeed, the Supreme Court decided both *Heller* and *Bruen* on motion to dismiss records. As for expert discovery, Defendant has already served one expert report, and it is unlikely that more experts would be needed given that Plaintiffs bring a facial constitutional challenge.

In sum, a stay will unduly prejudice Plaintiffs by preventing them from exercising a fundamental right. Further, it will neither simplify the issues in question nor reduce the burdens of litigation because *Rahimi* is factually distinct

7

and post-*Bruen* cases rely on the compilation of a historical record, not voluminous discovery. Therefore, the Motion should be denied.

## CONCLUSION

WHEREFORE, the Plaintiffs, BENJAMIN SCHOENTHAL, MARK WROBLEWSKI, JOSEPH VESEL, and DOUGLAS WINSTON, request this Honorable Court to deny the Defendant Kimberly M. Foxx's *Motion to Stay Proceedings* and allow the case to proceed to summary judgment briefing on the scheduled timeline. Plaintiffs also request any and all such further relief as the Court deems just and proper.

Dated:  November 7, 2023               Respectfully submitted,

                                                              /s/ David G. Sigale
                                                              Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
630.452.4547
dsigale@sigalelaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on November 7, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ David G. Sigale
Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
630.452.4547
dsigale@sigalelaw.com