UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BENJAMIN SCHOENTHAL, *et al.*, )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>KWAME RAOUL, *et al.*, )<br>Defendants. ) | No. 22 CV 50326<br>Judge Iain D. Johnston |

**ORDER**

The plaintiffs ask this Court to declare unconstitutional Illinois' ban on carrying firearms on public transportation. The parties are currently engaged in exchanging discovery, and dispositive motions are due at the end of this month.

Before the Court is a motion from defendant Kim Foxx, the State's Attorney of Cook County, to stay all of the deadlines set in this case pending the U.S. Supreme Court's anticipated decision in *United States v. Rahimi*. *Rahimi* is the appeal of a decision from the Fifth Circuit that vacated a defendant's conviction under 18 U.S.C. § 922(g)(8) for possessing a firearm in violation of an order of protection that his girlfriend had obtained against him. The case was argued on November 7, 2023, and a decision is expected before the Supreme Court recesses around June 30, 2024. Foxx argues that in *Rahimi*, the Supreme Court could clarify how district courts should implement its decision last term in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). *Bruen* set out a framework for looking at the nation's historical tradition of firearm regulation when determining whether a statute that limits the use or possession of a firearm comports with the Second Amendment, an analysis the parties agree will govern this case. According to the motion, the "State Defendants" are unopposed, but there is only one State of Illinois defendant so it is not clear where the remaining defendants stand, which are all State's Attorneys of three other counties. The plaintiffs object. The motion is now fully briefed.

The parties agree that when considering a stay, a court should consider three factors: whether a stay would (1) unduly prejudice or tactically disadvantage the non-moving party; (2) simplify the issues; and/or (3) reduce the burden of litigation on the parties and the court. *See Williams v. State Farm Mut. Auto. Ins. Co.*, No. 22 CV 1422, 2023 U.S. Dist. LEXIS 107129 (N.D. Ill. Jun. 21, 2023). But a court is not limited to those three factors, and may balance additional considerations when exercising its discretion whether to grant or deny a stay. *Id.* (citing *Murata Machinery USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016) ("Attendant to the district court's inherent power to stay proceedings is the court's discretionary prerogative to balance considerations beyond those captured by the three-factor stay test.")).

The Court's balancing of the three factors articulated in *Williams* and other cases does not favor a stay. The first factor concerns prejudice to the plaintiffs. The plaintiffs contend they would be prejudiced by a stay because each day that passes is another day they are unable to

exercise their fundamental right to travel on public transportation with firearms. But that is true only if the statute is unconstitutional, which is not a foregone conclusion. However, a stay would prolong the uncertainty the plaintiffs face, which tips the balance slightly against a stay.

The second factor concerns simplifying the issues. Foxx contends that the Supreme Court "will likely clarify or modify" the historical inquiry required under *Bruen*. In support, she relies on Judge Wood's dissent in *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023). In *Atkinson*, a case involving a restriction on felons possessing firearms, Judge Wood noted that *Bruen* "could not have been intended to the last word on historical analysis relevant to the Second Amendment." *Id.* at 1025 (Wood, J. dissenting). Yet the majority opinion remanded *Atkinson* for the district court to engage in that very historical analysis, and did not suggest sitting on the sidelines awaiting further guidance from the Supreme Court. Even Judge Wood in her dissent did not suggest awaiting further guidance, and was prepared to affirm the district court because her "own assessment of the materials that now govern Second Amendment questions per *Bruen* convinces me that the categorical prohibition created by section 922(g)(1) passes muster under the Constitution." *Id.* In addition, the restriction at issue in *Rahimi*, which limits the possession of firearms by persons subject to certain orders of protection, is far different than the restriction at issue here, which limits the possession of firearms on public transportation. Given the significant difference, it is sheer speculation that a decision in *Rahimi* would simplify this case. To the extent the Supreme Court offers guidance different than that already given in *Bruen*, it is far more likely to be tailored to exploring the history of restricting the people who can possess firearms, rather than the places where firearms can be possessed. This case involves the sensitive places exception to the Second Amendment. In contrast, *Rahimi* is a status case; namely, whether people's mere status prohibits their ability to exercise their Second Amendment rights. The second factor does not weigh in favor of a stay.

The third factor concerns the burden on the litigants and the court. To begin, researching the history of firearm restrictions on public transportation, even the question of what has constituted public transportation over the years, will be burdensome on both the litigants and the court. But facts are facts, and they will not be changed by the decision in *Rahimi*. Foxx argues that *Rahimi* may limit the universe of history and facts that must be unearthed and could avoid the need to reopen discovery. Reply [56] at 4-5. But as discussed with the second factor, any limits set out in *Rahimi* will likely be tailored to the history of restricting the possession of firearms by person, not place. As a result, this factor also does not weigh in favor of a stay.

In addition to those three factors, this Court takes into account two other issues relevant to the exercise of its discretion. First, a stay would only forestall the inevitable appeal to the Seventh Circuit, which is the entity that will provide binding guidance in this Circuit. A stay would also forestall an ultimate decision on the issue by the Supreme Court, which waits for conflicts to arise among the various circuit courts, for instance any conflict that arises between the approach the Seventh Circuit takes on any appeal of this case and the approach taken by other circuits, such as the Second Circuit's recent handling of *Antonyuk v. Chiumento*, 2023 U.S. App. LEXIS 32492 (2d Cir. Dec. 8, 2023). *See* STEPHEN M. SHAPIRO, *ET AL.*, SUPREME COURT PRACTICE § 4.4 (11th ed. 2019) ("One of the primary purposes of the certiorari jurisdiction is to bring about uniformity of decisions on these matters among the federal courts of appeals. . . .

Hence a square and irreconcilable conflict of this nature *ordinarily* should be enough to secure review, assuming that the underlying question has substantial practical importance.").

Second, experience teaches that staying a case while waiting for the Supreme Court to rule in a similar case does not necessarily simplify the issues or ease the burden on the parties and the court. For instance, in the cases *National Institute of Family Life v. Treto* (16 CV 50310, N.D. Ill) and *Schroeder v. Treto* (17 CV 4663, N.D. Ill.), this Court granted a motion to stay after the parties (including the Illinois Attorney General's office) agreed that the decision in a case pending before the Supreme Court would govern the outcome of the cases before this Court. *See* 16 CV 50310 at Dkt. 78; 17 CV 4663 at Dkt. 59. Instead, after the Supreme Court ruled and this Court lifted the stay, the sides merely disagreed about the effect of the Supreme Court's opinion, each arguing that the opinion supported its own position. No issue was simplified, and no burden was eased. But time was lost. Once bitten, twice shy.

After balancing all of the relevant considerations, and in an exercise of its discretion, the Court denies the motion for a stay [52]. Defendant Foxx has also filed a motion to extend by one month the deadline for dispositive motions, currently set for December 29, 2023. Dkt. 57. According to the motion, "due to the holidays, Defendant will be unable to run a dispositive motion through the necessary channel of review" before the deadline. Yet December 29, 2023, is the very deadline Foxx and all of the other parties requested when they sought to extend the original deadlines the Court had set, *see* Joint Motion for an Extension of Case Deadlines (Dkt. 48), and the holidays haven't moved since then. Nevertheless, the motion [57] is unopposed and granted. Dispositive motions and supporting materials are now due January 29, 2024, responses are now due March 11, 2024, and replies are now due April 3, 2024. These deadlines are final.

Date: December 13, 2023    By:    _____
                                   Iain D. Johnston
                                   United States District Judge