IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BENJAMIN SCHOENTHAL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>KWAME RAOUL, *et al.*,<br><br>*Defendants.* | No. 3:22-cv-50326<br><br>Honorable Iain D. Johnston |

**PLAINTIFFS' L.R. 56.1(a)(2) STATEMENT OF UNDISPUTED FACTS**

In support of their contemporaneously filed motion for summary judgment, Plaintiffs Benjamin Schoenthal, Mark Wroblewski, Joseph Vesel, and Douglas Winston respectfully submit that the following facts are undisputed.[1]

1. Defendant Kwame Raoul is the Attorney General of Illinois and has statutory duties defined in 15 ILCS 205/4, including that he litigate to ensure state laws are followed and respected. Defs.' Answer ¶ 18, Doc. No. 25 (Dec. 13, 2022); *About Us,* OFF. OF THE ATT'Y GEN., https://bit.ly/3TfHsOB (last visited Jan. 22, 2024), Ex. A.

2. Defendant Raoul possesses "all the powers associated with [the Attorney General's] office at common law," which "include the initiation and prosecution of litigation on behalf of the People[,]" a power that "may be exercised concurrently with the power of the State's Attorney to initiate and prosecute all actions, suits, indictments and prosecutions in his county as conferred by

---

[1] Other than those facts that relate to the standing of the parties, all of the facts related herein are so-called "legislative facts" which are not concerned with the particular facts of the parties but are rather generalized facts about the world. FED. R. EVID. 201, 1972 Advisory Committee Note; *see Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011). This Court's review of legislative facts is unrestricted. *See id.*

1

statute." *People v. Buffalo Confectionary Co.*, 401 N.E.2d 546, 549 (Ill. 1980) (internal citation omitted).

3. Defendant Rick Amato is the State's Attorney of DeKalb County, Illinois and has statutory duties defined in 55 ILCS 5/3-9005, which include prosecuting violations of the criminal laws of Illinois. Defs.' Answer ¶ 19; *State's Attorney's Office*, DEKALB CNTY., https://bit.ly/487owGx (last visited Jan. 22, 2024), Ex. B.

4. Defendant Robert Berlin is the State's Attorney of DuPage County, Illinois and has statutory duties defined in 55 ILCS 5/3-9005, including prosecuting criminal cases. Defs.' Answer ¶ 20; *History of the Office*, DUPAGE CNTY., https://bit.ly/3TljvoV (last visited Jan. 22, 2024), Ex. C.

5. Kimberly M. Foxx is the State's Attorney of Cook County, Illinois and has statutory duties defined in 55 ILCS 5/3-9005, including prosecuting violations of Illinois law. Def. Foxx Answer ¶ 21, ECF No. 26 (Dec. 13, 2022); *About the Cook County State's Attorney's Office*, COOK CNTY. STATE'S ATT'Y, https://bit.ly/47Xe9or (last visited Jan. 22, 2024), Ex. D.

6. Eric Rinehart is the State's Attorney of Lake County, Illinois and has statutory duties defined in 55 ILCS 5/3-9005, which includes enforcing Illinois law. Defs.' Answer ¶ 22; *Eric Rinehart*, STATE'S ATT'Y OF LAKE CNTY., https://bit.ly/3t2OR9q (last visited Jan. 22, 2024), Ex. E.

7. Plaintiff Schoenthal is a law-abiding resident of DeKalb County, Illinois. Decl. of Benjamin Schoenthal ¶¶ 2–3, Ex. F.

8. Plaintiff Schoenthal is not disqualified from possessing and acquiring firearms under federal or state law. Ex. F ¶ 4.

9. Plaintiff Schoenthal is licensed to carry a handgun under Illinois law. Ex. F ¶ 5.

10. Plaintiff Schoenthal intends and desires to exercise his rights to keep and bear a handgun on public transportation in Illinois. Ex. F ¶ 7.

11. Plaintiff Schoenthal rides public transportation for running personal errands, to visit Chicago, and occasionally for work. Ex. F ¶ 7.

12. Plaintiff Schoenthal would use public transportation more frequently if permitted to carry a handgun for self-defense. Ex. F ¶ 7.

13. Plaintiff Schoenthal has only abstained from carrying a handgun for self-defense on public transportation for fear of exposing himself to arrest and prosecution. Ex. F ¶ 8.

14. Without a handgun while on public transportation, Plaintiff Schoenthal cannot meaningfully defend himself in case of confrontation. Ex. F ¶ 9.

15. Plaintiff Wroblewski is a law-abiding resident of DuPage County, Illinois. Decl. of Mark Wroblewski ¶¶ 2–3, Ex. G.

16. Plaintiff Wroblewski is not disqualified from possessing and acquiring firearms under federal or state law. Ex. G ¶ 4.

17. Plaintiff Wroblewski is licensed to carry a handgun under Illinois law. Ex. G ¶ 5.

18. Plaintiff Wroblewski intends and desires to exercise his rights to keep and bear a handgun on public transportation in Illinois. Ex. G ¶ 7.

19. Plaintiff Wroblewski rides public transportation for recreational purposes, including visiting Chicago. Ex. G ¶ 7.

20. Plaintiff Wroblewski would use public transportation more frequently if permitted to carry a handgun for self-defense because it is a more convenient way to visit Chicago. Ex. G ¶ 7.

21. Plaintiff Wroblewski has only abstained from carrying a handgun for self-defense on public transportation for fear of exposing himself to arrest and prosecution. Ex. G ¶ 8.

22. Without a handgun while on public transportation, Plaintiff Wroblewski cannot meaningfully defend himself in case of confrontation. Ex. G ¶ 9.

23. Plaintiff Vesel is a law-abiding resident of Cook County, Illinois. Decl. of Joseph Vesel ¶¶ 2–3, Ex. H.

24. Plaintiff Vesel is not disqualified from possessing and acquiring firearms under federal or state law. Ex. H ¶ 4.

25. Plaintiff Vesel is licensed to carry a handgun under Illinois law. Ex. H ¶ 5.

26. Plaintiff Vesel intends and desires to exercise his rights to keep and bear a handgun on public transportation in Illinois. Ex. H ¶¶ 10–11.

27. Plaintiff Vesel lives close to public transportation and would otherwise choose to take it but for the Transportation Carry Ban. Ex. H ¶¶ 8, 10–11.

28. Plaintiff Vesel has been forced to travel by car, where he would otherwise take public transportation, due to the Transportation Carry Ban. Ex. H ¶ 10.

29. Plaintiff Vesel has reason to fear for his personal safety due to his prior affiliation with the CIA. Ex. H ¶¶ 12–13.

30. Without a handgun while on public transportation, Plaintiff Vesel cannot meaningfully defend himself in case of confrontation. Ex. H ¶ 14.

31. Plaintiff Douglas Winston is a law-abiding resident of Lake County, Illinois. Decl. of Douglas Winston ¶¶ 2–3, Ex. I.

32. Plaintiff Winston is not disqualified from possessing and acquiring firearms under federal or state law. Ex. I ¶ 4.

33. Plaintiff Winston, a full-time paramedic and firefighter, is licensed to carry a handgun under Illinois law. Ex. I ¶¶ 5, 6.

34. Plaintiff Winston is also a certified Basic Arson Investigator, and his training included 40 hours of firearms instruction. Ex. I ¶ 6.

35. Plaintiff Winston also works part-time as a concealed carry weapon instructor. Ex. I ¶ 6.

36. Plaintiff Winston was previously classified as a Peace Office under Illinois law, and he completed the same use of force and firearms qualifications course as police officers. Ex. I ¶ 6.

37. Plaintiff Winston intends and desires to exercise his rights to keep and bear a handgun on public transportation in Illinois. Ex. I ¶¶ 7–9.

38. Plaintiff Winston would otherwise choose to take public transportation on trips to Chicago but for the Transportation Carry Ban. Ex. I ¶¶ 8, 10.

39. Plaintiff Winston has only abstained from carrying a handgun for self-defense on public transportation for fear of exposing himself to arrest and prosecution. Ex. I ¶ 11.

40. Without a handgun while on public transportation, Plaintiff Winston cannot meaningfully defend himself in case of confrontation. Ex. I ¶ 12.

41. In Illinois, violent criminals have perpetrated attacks on public transportation or in public transportation facilities. *See, e.g.*, *Arrest made in shooting of 16-year-old on CTA Red Line train near Chinatown*, CBS CHI. (Jan 5., 2023), https://cbsn.ws/3XB8qyu, Ex. J; *Man, 60, dies after Chatham shooting on CTA Red Line train: Chicago police*, ABC7 CHI. (Oct. 17, 2022), https://abc7.ws/3fBnv3a, Ex. K; John O'Connor, *More police promised for Chicago trains after fatal shooting*, AP (Aug. 6, 2022), https://bit.ly/3DCMvPN ("The Chicago Sun-Times reported that as of mid-July [2022], CTA has reported 488 violent crimes this year, higher than at any point

5

since the same period in 2011."), Ex. L; Dane Placko, *CTA union president says violence on Chicago trains, buses is out of control*, FOX32 CHI. (Apr. 10, 2022), https://bit.ly/3hbsCYz, Ex. M; Robert McCoppin & Tony Briscoe, *Police: Homicide Suspect's Actions Forced Confrontation in Deadly Metra Train Shootout*, CHI. TRIBUNE (last updated Jan. 10, 2017), https://bit.ly/3NmtkPS, N; Tim Hecke, *30 Years for the Man Who Shot a CTA Bus Driver in Downtown Chicago*, CWB CHI. (Dec. 9, 2023), https://bit.ly/3RCexTD, Ex. O.

Dated: January 29, 2024                         Respectfully submitted,

/s/ David G. Sigale_____

*Attorney for Plaintiffs*

David G. Sigale (Atty. ID # 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
630.452.4547
dsigale@sigalelaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

        /s/ David G. Sigale_____

*Attorney for Plaintiffs*

David G. Sigale (Atty. ID # 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
630.452.4547
dsigale@sigalelaw.com
Attorney for Plaintiff