# GROUP EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

|  |  |
|---|---|
| BENJAMIN SCHOENTHAL, *et al.*, | |
| Plaintiffs, | No. 3:22-CV-50326 |
| v. | |
| KWAME RAOUL, *et al.*, | Hon. Iain D. Johnston |
| Defendants. | |

## FIRST REQUESTS FOR PRODUCTION TO BENJAMIN SCHOENTHAL

Pursuant to Fed. R. Civ. P. 26 and 34, Defendants in their official capacities Kwame Raoul, Rick Amato, Robert Berlin, and Eric Rinehart, by and through their attorney, Illinois Attorney General Kwame Raoul, hereby request that You respond to the following requests (each individual a "Request," and collectively, the "Requests") by May 27, 2023.

### TERMS AND DEFINITIONS

A. The term "Action" refers to the above-captioned action.

B. The term "all" means all, each, any, and every.

C. The terms "and" and "or" have both the conjunctive and disjunctive meanings. All use of language in the following document requests that appears in the conjunctive form specifically includes the disjunctive form, and vice versa. All words used in their singular form include the plural form, and vice versa.

D. The term "communication" includes any conversation, discussion, letter, memorandum, e-mail (including attachments, if any), fax (including cover and transmission confirmation sheets), text message, social media posting or message, meeting, note, or other transfer of information, or request for transfer of information, whether written, oral, or by any other means, including

electronic or telephonic, and includes without limitation any abstract, digest, transcription, notes or memoranda of, reference to, or record of any such communication.

E. The term "Complaint" refers to the Complaint in Equity filed in this action on September 20, 2022, and any amendments thereto that may be filed.

F. The term "Concealed Carry License" refers to a concealed carry license issued pursuant to the Firearm Concealed Carry Act, 430 ILCS 66/1 *et seq.*

G. The term "Defendants" refers to the defendants in the Action.

H. The term "document" includes the terms "communication," "information," "data compilation," "electronically-stored information," and "record," all of which shall be given their full scope and meaning as provided for in the Illinois Code of Civil Procedure, the Illinois Supreme Court Rules, and the authorities interpreting those rules, and further includes, but is not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, communications and electronically stored information as defined in applicable law. The term "document" shall also include the original as well as any non-identical copy, draft, or version of any written, typed, printed, computer generated, recorded, transcribed, filmed, taped, graphic, or stored material or information, however maintained, in the respondent's possession, custody or control. This includes documents, communications, data compilations, information, or records transmitted, maintained or stored on business or personal computers, hard drives, tablets, cell or "smart" phones, personal digital assistants such as BlackBerries or Palm Pilots, optical, magnetic, or mechanical storage or recording systems, or third-party "cloud" servers.

I. The term "entity" or "entities" refers to any legal entity, together with all affiliates; associations; groups; subsidiaries; predecessors; parents; divisions; successors in interest; present

and former directors, officers, partners, agents, employees; and all persons, parties, or any other legal party acting or purporting to act for or on the behalf of the entity.

J.  The term "FOID Card" refers to a firearm owners identification card issued pursuant to the Firearm Owners Identification Card Act, 430 ILCS 65/0.01 *et seq.*

K.  The terms "relating to," "relate(s) to," "related to," "in regards to," or "regarding" mean concerning, discussing, describing, referring to, reflecting, containing, analyzing, reporting or commenting on or mentioning, evidencing, constituting, considering, pertaining to, respecting, bearing on, or addressing, in whole or in part, that subject.

L.  "Relevant Time Period" means the period from January 1, 2013 to the date of Your responses to these Requests.

M.  The terms "You" and "Your" refer to you, Plaintiff Benjamin Schoenthal, together with your agents, representatives, employees, independent contractors, consultants, or other person or persons acting or purporting to act on your behalf.

## INSTRUCTIONS

These requests call for the production of responsive documents in Your possession, custody, or control, including without limitation documents in the possession, custody, or control of any of Your employees, agents, attorneys, or other persons acting or purporting to act on Your behalf.

If You object to any Request, state with specificity the grounds for each such objection.

If You object to part of any Request, you must produce documents responsive to the remainder of the Request.

If in responding to the Requests, You claim ambiguity in interpreting a Request or a Definition or Instruction applicable thereto, You must nevertheless produce responsive documents

and set forth as part of Your response the language deemed to be ambiguous and the interpretation used or chosen in responding to the Request.

Any document that is attached electronically or physically, by staple, clip, or otherwise, to a responsive document shall be produced (attached in the same manner) regardless of whether the production of that document is otherwise requested herein.

Each responsive document shall be produced as it is kept in the ordinary course of business, including without limitation, in its original file folder with all markings intact, or organized and labelled to correspond to the categories identified in these Requests.

Responsive documents are to be clearly designated so as to reflect their owner and/or custodian and the source and/or location from which they were produced.

Unless otherwise specified in an individual request, the time period contemplated by the individual requests in these Requests for Production of Documents is the Relevant Time Period.

If there are no documents responsive to any particular Request, provide a written response so stating.

All electronic documents produced in response to these Requests shall include, to the extent practicable, all hidden text and information (e.g., track changes in Microsoft Word documents), and all metadata associated with each document.

All documents shall be produced in their original form and shall include all marginalia, post-it notes, or other hand-written notations as well as any attachments referred to or incorporated by the document. In lieu of providing the original of any document requested below, You may provide an accurate photocopy of the document.

All ESI is to be produced in the form in which it is ordinarily maintained ("native format").

If a document cannot be produced in electronic format, it must be produced in hard copy, paper format. If a document's original form was electronic, You must produce it electronically, preserving all information regarding the document (*e.g.*, its creation and modification dates, its location within a storage device's file structure). All metadata must be preserved and produced with each electronic document.

Mark each page of every document produced, whether by paper or electronically, with a consecutive number. Place the numbers at the lower right-hand corner of each page, but do not place them so as to obscure any information on the document.

If any portion of a document is responsive to a Request in these Requests, produce the entire document.

If there are no documents responsive to a particular request below, state so in writing.

For any part of any document or communication that is withheld under a claim of privilege, provide a privilege log that identifies (a) the type of document being withheld (e.g., letter, memorandum, handwritten notes, marginalia, etc.); (b) a description of its contents; (c) its author(s); (d) all actual and intended recipients of the document; (e) its date; and (f) the specific privilege being asserted. This information shall be provided with sufficient particularity so as to allow Defendants, and if possible a court, to assess the validity of the claim of privilege. If only a portion of a document or communication that is responsive to a request or interrogatory contains privileged information, provide the portion for which You have no claim of privilege. If part of a Document or Communication is redacted or withheld on the basis of a claim of privilege or protection, the remainder of the Document or Communication shall be produced in unredacted form.

If You are aware that You at any time had possession or control of any document called for under a production request that has since been lost, destroyed, or is not presently in Your possession or control, You shall submit a written statement that identifies: (a) the nature of the document and its contents; (b) the person who prepared the document and its contents; (c) all persons who have seen or had possession of the document; (d) when the document was prepared, transmitted, or received; (e) when the document was lost, purged, separated, or destroyed; (f) the reasons why the document was lost, purged, separated, or destroyed; (g) any person who requested the document to be purged, separated, or destroyed; (h) any person who performed the purge, separation, or destruction; and (i) all persons with knowledge of any portion of the contents of the document.

Your obligation to produce documents and information in response to these Requests is continuing. If You identify or locate any responsive documents or information at any time after Your response is due, You shall promptly produce it.

No agreement by Defendants or any of their representatives purporting to modify, limit, or otherwise vary the scope or terms of the Requests contained herein is binding unless confirmed or acknowledged in writing by a duly authorized representative.

## REQUESTS FOR DOCUMENTS

Please produce the following for the Relevant Time Period:

1. All documents relied on by any expert You retain in this Action, or referenced in any expert report You may proffer.

2. All documents you intend to rely on to support Your claims in this action.

3. All Documents and Communications You intend to use at hearing, at trial, or in support of any motion for summary judgment that may be filed in support of Your claims in the Action.

4. Copies of all Documents, Communications, including engagement letters, contracts, or similar documents describing the terms of Your engagement for representation with the Law Firm of David G. Sigale, P.C.

5. All Documents and Communications in Your possession or in the possession of Your agents or attorneys relating to and/or summarizing costs or fees incurred, and/or time spent, litigating the Action.

6. All Communications with any defendants in the Action relating to the statutes at issue in the Action.

7. All Documents and Communications relating to any actual or potential addiction by You to narcotics.

8. All Documents and Communications relating to any treatment You have received for actual or potential addiction to narcotics.

9. All Documents and Communications relating to any treatment You have received in or from a "mental health facility" as defined in 430 ILCS 65/1.1.

10. All Documents and Communications relating to any actual or potential intellectual disability You may have.

11. All Documents and Communications relating to any actual or potential developmental disability You may have.

12. All Documents and Communications relating to any interactions You may have had with any law enforcement authorities.

13. For any expert retained by You to give testimony at a deposition or at trial, a curriculum vitae, a list of all Documents and Communications provided to such expert, all documents on

which that expert relied in formulating their testimony, and transcripts of any and all prior testimony given by such expert in any proceeding.

14. Any and all Documents and Communications, including but not limited to studies, texts, research papers, scholarly articles, statistical compilations or analyses, or any other learned treatise or other text, published or unpublished, regarding 1) the Second Amendment 2) concealed carry or 3) firearm use.

15. All Documents and Communications You reviewed or considered while drafting responses or objections to any Requests to Admit or Interrogatories that may be served in this Action.

16. All Documents and Communications relating to the allegations in the Complaint.

17. All Documents and Communications produced to You in this Action by another party.

18. A copy of one un-expired government issued photo-ID issued to You showing Your birth date (*e.g.*, driver's license, passport).

19. A copy of one un-expired government issued photo-ID issued to You showing Your current address.

20. A copy of Your FOID card.

21. A copy of Your Concealed Carry License.

22. All documents You relied on or referred to in drafting Your declaration filed in this action on March 1, 2023.

23. A copy of Your most recent application for a FOID Card.

24. A copy of Your most recent application for a Concealed Carry License.

25. At least one photograph of each firearm You stated you own in Your Complaint and/or affidavit filed in this action on March 1, 2023.

26. For each firearm referenced or referred to in Your Complaint and/or affidavit dated March 1, 2023, a copy of the owners' manual or instructions for use, any bill of sale, receipt, or other Documents related to the purchase or transfer of such firearm, as well as Documents sufficient to show each firearm's serial number, make, model, and year purchased.

27. A copy of the following documents cited in Your Memorandum In Support Of Motion For Summary Judgment filed on March 1, 2023:

    a.    Oliver W. Holmes, The Stage-Coach Business In The Hudson Valley, THE QUARTERLY JOURNAL OF THE NEW YORK STATE HISTORICAL ASSOCIATION (1931).

    b.    Johnson, et al., SECOND AMENDMENT: REGULATION, RIGHTS, AND POLICY (3d ed. 2021).

    c.    David B. Kopel & Joseph G.S. Greenlee, The "Sensitive Places" Doctrine: Locational Limits on the Right to Bear Arms, 13 CHARLESTON L. REV. 205 (2018).

    d.    Eugene Volokh, Implementing the Right to Keep and Bear Arms for Self-Defense: An Analytical Framework and a Research Agenda, 56 UCLA L. REV. 1443 (2009).

28. All transcripts of testimony given by You, whether or not under oath, in any litigation, administrative hearing, civil or criminal proceeding, or hearing before a public entity or part thereof (such as a committee) of any kind relating to firearms, the FOID Act, the Firearm Concealed Carry Act, and/or the Second Amendment.

29. Copies of any documents and/or fare cards You have been issued by Amtrak, Metra, Pace, the CTA, or any other transportation agencies referenced in Your Complaint and/or affidavit filed in this action on March 1, 2023.

30. Copies of any documents and/or fare cards You have been issued for the purpose of riding on Amtrak, Metra, Pace, the CTA, or any other transportation agencies referenced in Your Complaint and/or affidavit filed in this action on March 1, 2023, including but not limited to any Ventra card issued to You.

31. All documents relating to, and/or correspondence with, Amtrak, Metra, Pace, the CTA, or any other transportation agencies, including all transportation agencies referenced in Your Complaint and/or affidavit filed in this action on March 1, 2023.

32. All documents evidencing any comments or statements, whether written or oral, made by You relating to the laws in question in this action, or the alleged restrictions imposed by those laws.

33. All documents relating to, or communications with, any Plaintiff in this Action.

April 27, 2023                                          Respectfully submitted,

Christopher G. Wells                          Defendants KWAME RAOUL, RICK AMATO,
Gretchen Helfrich                                ROBERT BERLIN, and ERIC RINEHART
Isaac Freilich Jones
Office of the Illinois Attorney General    By: KWAME RAOUL,
100 West Randolph Street, 11th Floor          Illinois Attorney General
Chicago, Illinois 60601
Tel. 312-814-3000                                */s/ Isaac Freilich Jones*
christopher.wells@ilag.gov                    *One of the Attorneys for Defendants Kwame*
gretchen.helfrich@ilag.gov                    *Raoul, Rick Amato, Robert Berlin, and Eric*
isaac.freilichjones@ilag.gov                  *Rinehart*

*Schoenthal et al. v. Raoul et al.*, **Case No. 3:22-cv-50326 (N.D. Ill.)**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that they have caused a copy of the foregoing to be served upon:

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
dsigale@sigalelaw.com

Jessica Scheller
Prathima Yeddanapudi
Silvia Mercado Masters
Cook County State's Attorney's Office Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
jessica.scheller@cookcountyil.gov
prathima.yeddanapudi@cookcountyil.gov
silvia.mercadomasters@cookcountyil.gov

by email at the above email addresses on April 27, 2023.

*/s/ Isaac Freilich Jones*_____
Isaac Freilich Jones

Isaac Freilich Jones
Office of the Illinois Attorney General
100 West Randolph Street, 11th Floor
Chicago, Illinois 60601
isaac.freilichjones@ilag.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

BENJAMIN SCHOENTHAL, *et al.*,

              Plaintiffs,

    v.

KWAME RAOUL, *et al.*,

              Defendants.

No. 3:22-CV-50326

Hon. Iain D. Johnston

## FIRST REQUESTS FOR PRODUCTION TO MARK WROBLEWSKI

Pursuant to Fed. R. Civ. P. 26 and 34, Defendants in their official capacities Kwame Raoul, Rick Amato, Robert Berlin, and Eric Rinehart, by and through their attorney, Illinois Attorney General Kwame Raoul, hereby request that You respond to the following requests (each individual a "Request," and collectively, the "Requests") by May 27, 2023.

## TERMS AND DEFINITIONS

A. The term "Action" refers to the above-captioned action.

B. The term "all" means all, each, any, and every.

C. The terms "and" and "or" have both the conjunctive and disjunctive meanings. All use of language in the following document requests that appears in the conjunctive form specifically includes the disjunctive form, and vice versa. All words used in their singular form include the plural form, and vice versa.

D. The term "communication" includes any conversation, discussion, letter, memorandum, e-mail (including attachments, if any), fax (including cover and transmission confirmation sheets), text message, social media posting or message, meeting, note, or other transfer of information, or request for transfer of information, whether written, oral, or by any other means, including

1

electronic or telephonic, and includes without limitation any abstract, digest, transcription, notes or memoranda of, reference to, or record of any such communication.

E.   The term "Complaint" refers to the Complaint in Equity filed in this action on September 20, 2022, and any amendments thereto that may be filed.

F.   The term "Concealed Carry License" refers to a concealed carry license issued pursuant to the Firearm Concealed Carry Act, 430 ILCS 66/1 *et seq.*

G.   The term "Defendants" refers to the defendants in the Action.

H.   The term "document" includes the terms "communication," "information," "data compilation," "electronically-stored information," and "record," all of which shall be given their full scope and meaning as provided for in the Illinois Code of Civil Procedure, the Illinois Supreme Court Rules, and the authorities interpreting those rules, and further includes, but is not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, communications and electronically stored information as defined in applicable law. The term "document" shall also include the original as well as any non-identical copy, draft, or version of any written, typed, printed, computer generated, recorded, transcribed, filmed, taped, graphic, or stored material or information, however maintained, in the respondent's possession, custody or control. This includes documents, communications, data compilations, information, or records transmitted, maintained or stored on business or personal computers, hard drives, tablets, cell or "smart" phones, personal digital assistants such as BlackBerries or Palm Pilots, optical, magnetic, or mechanical storage or recording systems, or third-party "cloud" servers.

I.   The term "entity" or "entities" refers to any legal entity, together with all affiliates; associations; groups; subsidiaries; predecessors; parents; divisions; successors in interest; present

and former directors, officers, partners, agents, employees; and all persons, parties, or any other legal party acting or purporting to act for or on the behalf of the entity.

J.   The term "FOID Card" refers to a firearm owners identification card issued pursuant to the Firearm Owners Identification Card Act, 430 ILCS 65/0.01 *et seq.*

K.   The terms "relating to," "relate(s) to," "related to," "in regards to," or "regarding" mean concerning, discussing, describing, referring to, reflecting, containing, analyzing, reporting or commenting on or mentioning, evidencing, constituting, considering, pertaining to, respecting, bearing on, or addressing, in whole or in part, that subject.

L.   "Relevant Time Period" means the period from January 1, 2013 to the date of Your responses to these Requests.

M.   The terms "You" and "Your" refer to you, Plaintiff Mark Wroblewski, together with your agents, representatives, employees, independent contractors, consultants, or other person or persons acting or purporting to act on your behalf.

## INSTRUCTIONS

These requests call for the production of responsive documents in Your possession, custody, or control, including without limitation documents in the possession, custody, or control of any of Your employees, agents, attorneys, or other persons acting or purporting to act on Your behalf.

If You object to any Request, state with specificity the grounds for each such objection.

If You object to part of any Request, you must produce documents responsive to the remainder of the Request.

If in responding to the Requests, You claim ambiguity in interpreting a Request or a Definition or Instruction applicable thereto, You must nevertheless produce responsive documents

and set forth as part of Your response the language deemed to be ambiguous and the interpretation used or chosen in responding to the Request.

Any document that is attached electronically or physically, by staple, clip, or otherwise, to a responsive document shall be produced (attached in the same manner) regardless of whether the production of that document is otherwise requested herein.

Each responsive document shall be produced as it is kept in the ordinary course of business, including without limitation, in its original file folder with all markings intact, or organized and labelled to correspond to the categories identified in these Requests.

Responsive documents are to be clearly designated so as to reflect their owner and/or custodian and the source and/or location from which they were produced.

Unless otherwise specified in an individual request, the time period contemplated by the individual requests in these Requests for Production of Documents is the Relevant Time Period.

If there are no documents responsive to any particular Request, provide a written response so stating.

All electronic documents produced in response to these Requests shall include, to the extent practicable, all hidden text and information (e.g., track changes in Microsoft Word documents), and all metadata associated with each document.

All documents shall be produced in their original form and shall include all marginalia, post-it notes, or other hand-written notations as well as any attachments referred to or incorporated by the document. In lieu of providing the original of any document requested below, You may provide an accurate photocopy of the document.

All ESI is to be produced in the form in which it is ordinarily maintained ("native format").

If a document cannot be produced in electronic format, it must be produced in hard copy, paper format. If a document's original form was electronic, You must produce it electronically, preserving all information regarding the document (*e.g.*, its creation and modification dates, its location within a storage device's file structure). All metadata must be preserved and produced with each electronic document.

Mark each page of every document produced, whether by paper or electronically, with a consecutive number. Place the numbers at the lower right-hand corner of each page, but do not place them so as to obscure any information on the document.

If any portion of a document is responsive to a Request in these Requests, produce the entire document.

If there are no documents responsive to a particular request below, state so in writing.

For any part of any document or communication that is withheld under a claim of privilege, provide a privilege log that identifies (a) the type of document being withheld (e.g., letter, memorandum, handwritten notes, marginalia, etc.); (b) a description of its contents; (c) its author(s); (d) all actual and intended recipients of the document; (e) its date; and (f) the specific privilege being asserted. This information shall be provided with sufficient particularity so as to allow Defendants, and if possible a court, to assess the validity of the claim of privilege. If only a portion of a document or communication that is responsive to a request or interrogatory contains privileged information, provide the portion for which You have no claim of privilege. If part of a Document or Communication is redacted or withheld on the basis of a claim of privilege or protection, the remainder of the Document or Communication shall be produced in unredacted form.

If You are aware that You at any time had possession or control of any document called for under a production request that has since been lost, destroyed, or is not presently in Your possession or control, You shall submit a written statement that identifies: (a) the nature of the document and its contents; (b) the person who prepared the document and its contents; (c) all persons who have seen or had possession of the document; (d) when the document was prepared, transmitted, or received; (e) when the document was lost, purged, separated, or destroyed; (f) the reasons why the document was lost, purged, separated, or destroyed; (g) any person who requested the document to be purged, separated, or destroyed; (h) any person who performed the purge, separation, or destruction; and (i) all persons with knowledge of any portion of the contents of the document.

Your obligation to produce documents and information in response to these Requests is continuing. If You identify or locate any responsive documents or information at any time after Your response is due, You shall promptly produce it.

No agreement by Defendants or any of their representatives purporting to modify, limit, or otherwise vary the scope or terms of the Requests contained herein is binding unless confirmed or acknowledged in writing by a duly authorized representative.

## REQUESTS FOR DOCUMENTS

Please produce the following for the Relevant Time Period:

1. All documents relied on by any expert You retain in this Action, or referenced in any expert report You may proffer.

2. All documents you intend to rely on to support Your claims in this action.

3. All Documents and Communications You intend to use at hearing, at trial, or in support of any motion for summary judgment that may be filed in support of Your claims in the Action.

4.  Copies of all Documents, Communications, including engagement letters, contracts, or similar documents describing the terms of Your engagement for representation with the Law Firm of David G. Sigale, P.C.

5.  All Documents and Communications in Your possession or in the possession of Your agents or attorneys relating to and/or summarizing costs or fees incurred, and/or time spent, litigating the Action.

6.  All Communications with any defendants in the Action relating to the statutes at issue in the Action.

7.  All Documents and Communications relating to any actual or potential addiction by You to narcotics.

8.  All Documents and Communications relating to any treatment You have received for actual or potential addiction to narcotics.

9.  All Documents and Communications relating to any treatment You have received in or from a "mental health facility" as defined in 430 ILCS 65/1.1.

10. All Documents and Communications relating to any actual or potential intellectual disability You may have.

11. All Documents and Communications relating to any actual or potential developmental disability You may have.

12. All Documents and Communications relating to any interactions You may have had with any law enforcement authorities.

13. For any expert retained by You to give testimony at a deposition or at trial, a curriculum vitae, a list of all Documents and Communications provided to such expert, all documents on

which that expert relied in formulating their testimony, and transcripts of any and all prior testimony given by such expert in any proceeding.

14. Any and all Documents and Communications, including but not limited to studies, texts, research papers, scholarly articles, statistical compilations or analyses, or any other learned treatise or other text, published or unpublished, regarding 1) the Second Amendment 2) concealed carry or 3) firearm use.

15. All Documents and Communications You reviewed or considered while drafting responses or objections to any Requests to Admit or Interrogatories that may be served in this Action.

16. All Documents and Communications relating to the allegations in the Complaint.

17. All Documents and Communications produced to You in this Action by another party.

18. A copy of one un-expired government issued photo-ID issued to You showing Your birth date (*e.g.*, driver's license, passport).

19. A copy of one un-expired government issued photo-ID issued to You showing Your current address.

20. A copy of Your FOID card.

21. A copy of Your Concealed Carry License.

22. All documents You relied on or referred to in drafting Your declaration filed in this action on March 1, 2023.

23. A copy of Your most recent application for a FOID Card.

24. A copy of Your most recent application for a Concealed Carry License.

25. At least one photograph of each firearm You stated you own in Your Complaint and/or affidavit filed in this action on March 1, 2023.

26. For each firearm referenced or referred to in Your Complaint and/or affidavit dated March 1, 2023, a copy of the owners' manual or instructions for use, any bill of sale, receipt, or other Documents related to the purchase or transfer of such firearm, as well as Documents sufficient to show each firearm's serial number, make, model, and year purchased.

27. A copy of the following documents cited in Your Memorandum In Support Of Motion For Summary Judgment filed on March 1, 2023:

    a.    Oliver W. Holmes, The Stage-Coach Business In The Hudson Valley, THE QUARTERLY JOURNAL OF THE NEW YORK STATE HISTORICAL ASSOCIATION (1931).

    b.    Johnson, et al., SECOND AMENDMENT: REGULATION, RIGHTS, AND POLICY (3d ed. 2021).

    c.    David B. Kopel & Joseph G.S. Greenlee, The "Sensitive Places" Doctrine: Locational Limits on the Right to Bear Arms, 13 CHARLESTON L. REV. 205 (2018).

    d.    Eugene Volokh, Implementing the Right to Keep and Bear Arms for Self-Defense: An Analytical Framework and a Research Agenda, 56 UCLA L. REV. 1443 (2009).

28. All transcripts of testimony given by You, whether or not under oath, in any litigation, administrative hearing, civil or criminal proceeding, or hearing before a public entity or part thereof (such as a committee) of any kind relating to firearms, the FOID Act, the Firearm Concealed Carry Act, and/or the Second Amendment.

29. Copies of any documents and/or fare cards You have been issued by Amtrak, Metra, Pace, the CTA, or any other transportation agencies referenced in Your Complaint and/or affidavit filed in this action on March 1, 2023.

30. Copies of any documents and/or fare cards You have been issued for the purpose of riding on Amtrak, Metra, Pace, the CTA, or any other transportation agencies referenced in Your Complaint and/or affidavit filed in this action on March 1, 2023, including but not limited to any Ventra card issued to You.

31. All documents relating to, and/or correspondence with, Amtrak, Metra, Pace, the CTA, or any other transportation agencies, including all transportation agencies referenced in Your Complaint and/or affidavit filed in this action on March 1, 2023.

32. All documents evidencing any comments or statements, whether written or oral, made by You relating to the laws in question in this action, or the alleged restrictions imposed by those laws.

33. All documents relating to, or communications with, any Plaintiff in this Action.

April 27, 2023

Christopher G. Wells
Gretchen Helfrich
Isaac Freilich Jones
Office of the Illinois Attorney General
100 West Randolph Street, 11th Floor
Chicago, Illinois 60601
Tel. 312-814-3000
christopher.wells@ilag.gov
gretchen.helfrich@ilag.gov
isaac.freilichjones@ilag.gov

Respectfully submitted,

Defendants KWAME RAOUL, RICK AMATO, ROBERT BERLIN, and ERIC RINEHART

By: KWAME RAOUL,
     Illinois Attorney General

*/s/ Isaac Freilich Jones*
*One of the Attorneys for Defendants Kwame Raoul, Rick Amato, Robert Berlin, and Eric Rinehart*

10

*Schoenthal et al. v. Raoul et al.*, **Case No. 3:22-cv-50326 (N.D. Ill.)**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that they have caused a copy of the foregoing to be served upon:

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
dsigale@sigalelaw.com

Jessica Scheller
Prathima Yeddanapudi
Silvia Mercado Masters
Cook County State's Attorney's Office Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
jessica.scheller@cookcountyil.gov
prathima.yeddanapudi@cookcountyil.gov
silvia.mercadomasters@cookcountyil.gov

by email at the above email addresses on April 27, 2023.

*/s/ Isaac Freilich Jones*_____
Isaac Freilich Jones

Isaac Freilich Jones
Office of the Illinois Attorney General
100 West Randolph Street, 11th Floor
Chicago, Illinois 60601
isaac.freilichjones@ilag.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| BENJAMIN SCHOENTHAL, *et al.*, | |
| Plaintiffs, | No. 3:22-CV-50326 |
| v. | |
| KWAME RAOUL, *et al.*, | Hon. Iain D. Johnston |
| Defendants. | |

**FIRST REQUESTS FOR PRODUCTION TO JOSEPH VESEL**

Pursuant to Fed. R. Civ. P. 26 and 34, Defendants in their official capacities Kwame Raoul, Rick Amato, Robert Berlin, and Eric Rinehart, by and through their attorney, Illinois Attorney General Kwame Raoul, hereby request that You respond to the following requests (each individual a "Request," and collectively, the "Requests") by May 27, 2023.

**TERMS AND DEFINITIONS**

A.  The term "Action" refers to the above-captioned action.

B.  The term "all" means all, each, any, and every.

C.  The terms "and" and "or" have both the conjunctive and disjunctive meanings. All use of language in the following document requests that appears in the conjunctive form specifically includes the disjunctive form, and vice versa. All words used in their singular form include the plural form, and vice versa.

D.  The term "communication" includes any conversation, discussion, letter, memorandum, e-mail (including attachments, if any), fax (including cover and transmission confirmation sheets), text message, social media posting or message, meeting, note, or other transfer of information, or request for transfer of information, whether written, oral, or by any other means, including

1

electronic or telephonic, and includes without limitation any abstract, digest, transcription, notes or memoranda of, reference to, or record of any such communication.

E.   The term "Complaint" refers to the Complaint in Equity filed in this action on September 20, 2022, and any amendments thereto that may be filed.

F.   The term "Concealed Carry License" refers to a concealed carry license issued pursuant to the Firearm Concealed Carry Act, 430 ILCS 66/1 *et seq.*

G.   The term "Defendants" refers to the defendants in the Action.

H.   The term "document" includes the terms "communication," "information," "data compilation," "electronically-stored information," and "record," all of which shall be given their full scope and meaning as provided for in the Illinois Code of Civil Procedure, the Illinois Supreme Court Rules, and the authorities interpreting those rules, and further includes, but is not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, communications and electronically stored information as defined in applicable law. The term "document" shall also include the original as well as any non-identical copy, draft, or version of any written, typed, printed, computer generated, recorded, transcribed, filmed, taped, graphic, or stored material or information, however maintained, in the respondent's possession, custody or control. This includes documents, communications, data compilations, information, or records transmitted, maintained or stored on business or personal computers, hard drives, tablets, cell or "smart" phones, personal digital assistants such as BlackBerries or Palm Pilots, optical, magnetic, or mechanical storage or recording systems, or third-party "cloud" servers.

I.   The term "entity" or "entities" refers to any legal entity, together with all affiliates; associations; groups; subsidiaries; predecessors; parents; divisions; successors in interest; present

and former directors, officers, partners, agents, employees; and all persons, parties, or any other legal party acting or purporting to act for or on the behalf of the entity.

J.   The term "FOID Card" refers to a firearm owners identification card issued pursuant to the Firearm Owners Identification Card Act, 430 ILCS 65/0.01 *et seq.*

K.   The terms "relating to," "relate(s) to," "related to," "in regards to," or "regarding" mean concerning, discussing, describing, referring to, reflecting, containing, analyzing, reporting or commenting on or mentioning, evidencing, constituting, considering, pertaining to, respecting, bearing on, or addressing, in whole or in part, that subject.

L.   "Relevant Time Period" means the period from January 1, 2013 to the date of Your responses to these Requests.

M.   The terms "You" and "Your" refer to you, Plaintiff Joseph Vesel, together with your agents, representatives, employees, independent contractors, consultants, or other person or persons acting or purporting to act on your behalf.

## INSTRUCTIONS

These requests call for the production of responsive documents in Your possession, custody, or control, including without limitation documents in the possession, custody, or control of any of Your employees, agents, attorneys, or other persons acting or purporting to act on Your behalf.

If You object to any Request, state with specificity the grounds for each such objection.

If You object to part of any Request, you must produce documents responsive to the remainder of the Request.

If in responding to the Requests, You claim ambiguity in interpreting a Request or a Definition or Instruction applicable thereto, You must nevertheless produce responsive documents

and set forth as part of Your response the language deemed to be ambiguous and the interpretation used or chosen in responding to the Request.

Any document that is attached electronically or physically, by staple, clip, or otherwise, to a responsive document shall be produced (attached in the same manner) regardless of whether the production of that document is otherwise requested herein.

Each responsive document shall be produced as it is kept in the ordinary course of business, including without limitation, in its original file folder with all markings intact, or organized and labelled to correspond to the categories identified in these Requests.

Responsive documents are to be clearly designated so as to reflect their owner and/or custodian and the source and/or location from which they were produced.

Unless otherwise specified in an individual request, the time period contemplated by the individual requests in these Requests for Production of Documents is the Relevant Time Period.

If there are no documents responsive to any particular Request, provide a written response so stating.

All electronic documents produced in response to these Requests shall include, to the extent practicable, all hidden text and information (e.g., track changes in Microsoft Word documents), and all metadata associated with each document.

All documents shall be produced in their original form and shall include all marginalia, post-it notes, or other hand-written notations as well as any attachments referred to or incorporated by the document. In lieu of providing the original of any document requested below, You may provide an accurate photocopy of the document.

All ESI is to be produced in the form in which it is ordinarily maintained ("native format").

If a document cannot be produced in electronic format, it must be produced in hard copy, paper format. If a document's original form was electronic, You must produce it electronically, preserving all information regarding the document (*e.g.*, its creation and modification dates, its location within a storage device's file structure). All metadata must be preserved and produced with each electronic document.

Mark each page of every document produced, whether by paper or electronically, with a consecutive number. Place the numbers at the lower right-hand corner of each page, but do not place them so as to obscure any information on the document.

If any portion of a document is responsive to a Request in these Requests, produce the entire document.

If there are no documents responsive to a particular request below, state so in writing.

For any part of any document or communication that is withheld under a claim of privilege, provide a privilege log that identifies (a) the type of document being withheld (e.g., letter, memorandum, handwritten notes, marginalia, etc.); (b) a description of its contents; (c) its author(s); (d) all actual and intended recipients of the document; (e) its date; and (f) the specific privilege being asserted. This information shall be provided with sufficient particularity so as to allow Defendants, and if possible a court, to assess the validity of the claim of privilege. If only a portion of a document or communication that is responsive to a request or interrogatory contains privileged information, provide the portion for which You have no claim of privilege. If part of a Document or Communication is redacted or withheld on the basis of a claim of privilege or protection, the remainder of the Document or Communication shall be produced in unredacted form.

If You are aware that You at any time had possession or control of any document called for under a production request that has since been lost, destroyed, or is not presently in Your possession or control, You shall submit a written statement that identifies: (a) the nature of the document and its contents; (b) the person who prepared the document and its contents; (c) all persons who have seen or had possession of the document; (d) when the document was prepared, transmitted, or received; (e) when the document was lost, purged, separated, or destroyed; (f) the reasons why the document was lost, purged, separated, or destroyed; (g) any person who requested the document to be purged, separated, or destroyed; (h) any person who performed the purge, separation, or destruction; and (i) all persons with knowledge of any portion of the contents of the document.

Your obligation to produce documents and information in response to these Requests is continuing. If You identify or locate any responsive documents or information at any time after Your response is due, You shall promptly produce it.

No agreement by Defendants or any of their representatives purporting to modify, limit, or otherwise vary the scope or terms of the Requests contained herein is binding unless confirmed or acknowledged in writing by a duly authorized representative.

## REQUESTS FOR DOCUMENTS

Please produce the following for the Relevant Time Period:

1. All documents relied on by any expert You retain in this Action, or referenced in any expert report You may proffer.

2. All documents you intend to rely on to support Your claims in this action.

3. All Documents and Communications You intend to use at hearing, at trial, or in support of any motion for summary judgment that may be filed in support of Your claims in the Action.

4.   Copies of all Documents, Communications, including engagement letters, contracts, or similar documents describing the terms of Your engagement for representation with the Law Firm of David G. Sigale, P.C.

5.   All Documents and Communications in Your possession or in the possession of Your agents or attorneys relating to and/or summarizing costs or fees incurred, and/or time spent, litigating the Action.

6.   All Communications with any defendants in the Action relating to the statutes at issue in the Action.

7.   All Documents and Communications relating to any actual or potential addiction by You to narcotics.

8.   All Documents and Communications relating to any treatment You have received for actual or potential addiction to narcotics.

9.   All Documents and Communications relating to any treatment You have received in or from a "mental health facility" as defined in 430 ILCS 65/1.1.

10. All Documents and Communications relating to any actual or potential intellectual disability You may have.

11. All Documents and Communications relating to any actual or potential developmental disability You may have.

12. All Documents and Communications relating to any interactions You may have had with any law enforcement authorities.

13. For any expert retained by You to give testimony at a deposition or at trial, a curriculum vitae, a list of all Documents and Communications provided to such expert, all documents on

which that expert relied in formulating their testimony, and transcripts of any and all prior testimony given by such expert in any proceeding.

14. Any and all Documents and Communications, including but not limited to studies, texts, research papers, scholarly articles, statistical compilations or analyses, or any other learned treatise or other text, published or unpublished, regarding 1) the Second Amendment 2) concealed carry or 3) firearm use.

15. All Documents and Communications You reviewed or considered while drafting responses or objections to any Requests to Admit or Interrogatories that may be served in this Action.

16. All Documents and Communications relating to the allegations in the Complaint.

17. All Documents and Communications produced to You in this Action by another party.

18. A copy of one un-expired government issued photo-ID issued to You showing Your birth date (*e.g.*, driver's license, passport).

19. A copy of one un-expired government issued photo-ID issued to You showing Your current address.

20. A copy of Your FOID card.

21. A copy of Your Concealed Carry License.

22. All documents You relied on or referred to in drafting Your declaration filed in this action on March 1, 2023.

23. A copy of Your most recent application for a FOID Card.

24. A copy of Your most recent application for a Concealed Carry License.

25. At least one photograph of each firearm You stated you own in Your Complaint and/or affidavit filed in this action on March 1, 2023.

26. For each firearm referenced or referred to in Your Complaint and/or affidavit dated March 1, 2023, a copy of the owners' manual or instructions for use, any bill of sale, receipt, or other Documents related to the purchase or transfer of such firearm, as well as Documents sufficient to show each firearm's serial number, make, model, and year purchased.

27. A copy of the following documents cited in Your Memorandum In Support Of Motion For Summary Judgment filed on March 1, 2023:

    a.    Oliver W. Holmes, The Stage-Coach Business In The Hudson Valley, THE QUARTERLY JOURNAL OF THE NEW YORK STATE HISTORICAL ASSOCIATION (1931).

    b.    Johnson, et al., SECOND AMENDMENT: REGULATION, RIGHTS, AND POLICY (3d ed. 2021).

    c.    David B. Kopel & Joseph G.S. Greenlee, The "Sensitive Places" Doctrine: Locational Limits on the Right to Bear Arms, 13 CHARLESTON L. REV. 205 (2018).

    d.    Eugene Volokh, Implementing the Right to Keep and Bear Arms for Self-Defense: An Analytical Framework and a Research Agenda, 56 UCLA L. REV. 1443 (2009).

28. All transcripts of testimony given by You, whether or not under oath, in any litigation, administrative hearing, civil or criminal proceeding, or hearing before a public entity or part thereof (such as a committee) of any kind relating to firearms, the FOID Act, the Firearm Concealed Carry Act, and/or the Second Amendment.

29. Copies of any documents and/or fare cards You have been issued by Amtrak, Metra, Pace, the CTA, or any other transportation agencies referenced in Your Complaint and/or affidavit filed in this action on March 1, 2023.

30. Copies of any documents and/or fare cards You have been issued for the purpose of riding on Amtrak, Metra, Pace, the CTA, or any other transportation agencies referenced in Your Complaint and/or affidavit filed in this action on March 1, 2023, including but not limited to any Ventra card issued to You.

31. All documents relating to, and/or correspondence with, Amtrak, Metra, Pace, the CTA, or any other transportation agencies, including all transportation agencies referenced in Your Complaint and/or affidavit filed in this action on March 1, 2023.

32. All documents evidencing any comments or statements, whether written or oral, made by You relating to the laws in question in this action, or the alleged restrictions imposed by those laws.

33. All documents relating to, or communications with, any Plaintiff in this Action.

April 27, 2023                              Respectfully submitted,

Christopher G. Wells                        Defendants KWAME RAOUL, RICK AMATO,
Gretchen Helfrich                           ROBERT BERLIN, and ERIC RINEHART
Isaac Freilich Jones
Office of the Illinois Attorney General     By: KWAME RAOUL,
100 West Randolph Street, 11th Floor            Illinois Attorney General
Chicago, Illinois 60601
Tel. 312-814-3000                           */s/ Isaac Freilich Jones*
christopher.wells@ilag.gov                  *One of the Attorneys for Defendants Kwame*
gretchen.helfrich@ilag.gov                  *Raoul, Rick Amato, Robert Berlin, and Eric*
isaac.freilichjones@ilag.gov                *Rinehart*

10

*Schoenthal et al. v. Raoul et al.*, **Case No. 3:22-cv-50326 (N.D. Ill.)**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that they have caused a copy of the foregoing to be served upon:

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
dsigale@sigalelaw.com

Jessica Scheller
Prathima Yeddanapudi
Silvia Mercado Masters
Cook County State's Attorney's Office Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
jessica.scheller@cookcountyil.gov
prathima.yeddanapudi@cookcountyil.gov
silvia.mercadomasters@cookcountyil.gov

by email at the above email addresses on April 27, 2023.

*/s/ Isaac Freilich Jones*_____
Isaac Freilich Jones


Isaac Freilich Jones
Office of the Illinois Attorney General
100 West Randolph Street, 11th Floor
Chicago, Illinois 60601
isaac.freilichjones@ilag.gov

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

BENJAMIN SCHOENTHAL, *et al.*,

                      Plaintiffs,

      v.

KWAME RAOUL, *et al.*,

                      Defendants.

No. 3:22-CV-50326

Hon. Iain D. Johnston

**FIRST REQUESTS FOR PRODUCTION TO DOUGLAS WINSTON**

Pursuant to Fed. R. Civ. P. 26 and 34, Defendants in their official capacities Kwame Raoul, Rick Amato, Robert Berlin, and Eric Rinehart, by and through their attorney, Illinois Attorney General Kwame Raoul, hereby request that You respond to the following requests (each individual a "Request," and collectively, the "Requests") by May 27, 2023.

**TERMS AND DEFINITIONS**

A.  The term "Action" refers to the above-captioned action.

B.  The term "all" means all, each, any, and every.

C.  The terms "and" and "or" have both the conjunctive and disjunctive meanings. All use of language in the following document requests that appears in the conjunctive form specifically includes the disjunctive form, and vice versa. All words used in their singular form include the plural form, and vice versa.

D.  The term "communication" includes any conversation, discussion, letter, memorandum, e-mail (including attachments, if any), fax (including cover and transmission confirmation sheets), text message, social media posting or message, meeting, note, or other transfer of information, or request for transfer of information, whether written, oral, or by any other means, including

1

electronic or telephonic, and includes without limitation any abstract, digest, transcription, notes or memoranda of, reference to, or record of any such communication.

E.  The term "Complaint" refers to the Complaint in Equity filed in this action on September 20, 2022, and any amendments thereto that may be filed.

F.  The term "Concealed Carry License" refers to a concealed carry license issued pursuant to the Firearm Concealed Carry Act, 430 ILCS 66/1 *et seq.*

G.  The term "Defendants" refers to the defendants in the Action.

H.  The term "document" includes the terms "communication," "information," "data compilation," "electronically-stored information," and "record," all of which shall be given their full scope and meaning as provided for in the Illinois Code of Civil Procedure, the Illinois Supreme Court Rules, and the authorities interpreting those rules, and further includes, but is not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, communications and electronically stored information as defined in applicable law. The term "document" shall also include the original as well as any non-identical copy, draft, or version of any written, typed, printed, computer generated, recorded, transcribed, filmed, taped, graphic, or stored material or information, however maintained, in the respondent's possession, custody or control. This includes documents, communications, data compilations, information, or records transmitted, maintained or stored on business or personal computers, hard drives, tablets, cell or "smart" phones, personal digital assistants such as BlackBerries or Palm Pilots, optical, magnetic, or mechanical storage or recording systems, or third-party "cloud" servers.

I.  The term "entity" or "entities" refers to any legal entity, together with all affiliates; associations; groups; subsidiaries; predecessors; parents; divisions; successors in interest; present

and former directors, officers, partners, agents, employees; and all persons, parties, or any other legal party acting or purporting to act for or on the behalf of the entity.

J.   The term "FOID Card" refers to a firearm owners identification card issued pursuant to the Firearm Owners Identification Card Act, 430 ILCS 65/0.01 *et seq.*

K.   The terms "relating to," "relate(s) to," "related to," "in regards to," or "regarding" mean concerning, discussing, describing, referring to, reflecting, containing, analyzing, reporting or commenting on or mentioning, evidencing, constituting, considering, pertaining to, respecting, bearing on, or addressing, in whole or in part, that subject.

L.   "Relevant Time Period" means the period from January 1, 2013 to the date of Your responses to these Requests.

M.   The terms "You" and "Your" refer to you, Plaintiff Douglas Winston, together with your agents, representatives, employees, independent contractors, consultants, or other person or persons acting or purporting to act on your behalf.

## INSTRUCTIONS

These requests call for the production of responsive documents in Your possession, custody, or control, including without limitation documents in the possession, custody, or control of any of Your employees, agents, attorneys, or other persons acting or purporting to act on Your behalf.

If You object to any Request, state with specificity the grounds for each such objection.

If You object to part of any Request, you must produce documents responsive to the remainder of the Request.

If in responding to the Requests, You claim ambiguity in interpreting a Request or a Definition or Instruction applicable thereto, You must nevertheless produce responsive documents

and set forth as part of Your response the language deemed to be ambiguous and the interpretation used or chosen in responding to the Request.

Any document that is attached electronically or physically, by staple, clip, or otherwise, to a responsive document shall be produced (attached in the same manner) regardless of whether the production of that document is otherwise requested herein.

Each responsive document shall be produced as it is kept in the ordinary course of business, including without limitation, in its original file folder with all markings intact, or organized and labelled to correspond to the categories identified in these Requests.

Responsive documents are to be clearly designated so as to reflect their owner and/or custodian and the source and/or location from which they were produced.

Unless otherwise specified in an individual request, the time period contemplated by the individual requests in these Requests for Production of Documents is the Relevant Time Period.

If there are no documents responsive to any particular Request, provide a written response so stating.

All electronic documents produced in response to these Requests shall include, to the extent practicable, all hidden text and information (e.g., track changes in Microsoft Word documents), and all metadata associated with each document.

All documents shall be produced in their original form and shall include all marginalia, post-it notes, or other hand-written notations as well as any attachments referred to or incorporated by the document. In lieu of providing the original of any document requested below, You may provide an accurate photocopy of the document.

All ESI is to be produced in the form in which it is ordinarily maintained ("native format").

If a document cannot be produced in electronic format, it must be produced in hard copy, paper format. If a document's original form was electronic, You must produce it electronically, preserving all information regarding the document (*e.g.*, its creation and modification dates, its location within a storage device's file structure). All metadata must be preserved and produced with each electronic document.

Mark each page of every document produced, whether by paper or electronically, with a consecutive number. Place the numbers at the lower right-hand corner of each page, but do not place them so as to obscure any information on the document.

If any portion of a document is responsive to a Request in these Requests, produce the entire document.

If there are no documents responsive to a particular request below, state so in writing.

For any part of any document or communication that is withheld under a claim of privilege, provide a privilege log that identifies (a) the type of document being withheld (e.g., letter, memorandum, handwritten notes, marginalia, etc.); (b) a description of its contents; (c) its author(s); (d) all actual and intended recipients of the document; (e) its date; and (f) the specific privilege being asserted. This information shall be provided with sufficient particularity so as to allow Defendants, and if possible a court, to assess the validity of the claim of privilege. If only a portion of a document or communication that is responsive to a request or interrogatory contains privileged information, provide the portion for which You have no claim of privilege. If part of a Document or Communication is redacted or withheld on the basis of a claim of privilege or protection, the remainder of the Document or Communication shall be produced in unredacted form.

If You are aware that You at any time had possession or control of any document called for under a production request that has since been lost, destroyed, or is not presently in Your possession or control, You shall submit a written statement that identifies: (a) the nature of the document and its contents; (b) the person who prepared the document and its contents; (c) all persons who have seen or had possession of the document; (d) when the document was prepared, transmitted, or received; (e) when the document was lost, purged, separated, or destroyed; (f) the reasons why the document was lost, purged, separated, or destroyed; (g) any person who requested the document to be purged, separated, or destroyed; (h) any person who performed the purge, separation, or destruction; and (i) all persons with knowledge of any portion of the contents of the document.

Your obligation to produce documents and information in response to these Requests is continuing. If You identify or locate any responsive documents or information at any time after Your response is due, You shall promptly produce it.

No agreement by Defendants or any of their representatives purporting to modify, limit, or otherwise vary the scope or terms of the Requests contained herein is binding unless confirmed or acknowledged in writing by a duly authorized representative.

## REQUESTS FOR DOCUMENTS

Please produce the following for the Relevant Time Period:

1.  All documents relied on by any expert You retain in this Action, or referenced in any expert report You may proffer.

2.  All documents you intend to rely on to support Your claims in this action.

3.  All Documents and Communications You intend to use at hearing, at trial, or in support of any motion for summary judgment that may be filed in support of Your claims in the Action.

4. Copies of all Documents, Communications, including engagement letters, contracts, or similar documents describing the terms of Your engagement for representation with the Law Firm of David G. Sigale, P.C.

5. All Documents and Communications in Your possession or in the possession of Your agents or attorneys relating to and/or summarizing costs or fees incurred, and/or time spent, litigating the Action.

6. All Communications with any defendants in the Action relating to the statutes at issue in the Action.

7. All Documents and Communications relating to any actual or potential addiction by You to narcotics.

8. All Documents and Communications relating to any treatment You have received for actual or potential addiction to narcotics.

9. All Documents and Communications relating to any treatment You have received in or from a "mental health facility" as defined in 430 ILCS 65/1.1.

10. All Documents and Communications relating to any actual or potential intellectual disability You may have.

11. All Documents and Communications relating to any actual or potential developmental disability You may have.

12. All Documents and Communications relating to any interactions You may have had with any law enforcement authorities.

13. For any expert retained by You to give testimony at a deposition or at trial, a curriculum vitae, a list of all Documents and Communications provided to such expert, all documents on

which that expert relied in formulating their testimony, and transcripts of any and all prior testimony given by such expert in any proceeding.

14. Any and all Documents and Communications, including but not limited to studies, texts, research papers, scholarly articles, statistical compilations or analyses, or any other learned treatise or other text, published or unpublished, regarding 1) the Second Amendment 2) concealed carry or 3) firearm use.

15. All Documents and Communications You reviewed or considered while drafting responses or objections to any Requests to Admit or Interrogatories that may be served in this Action.

16. All Documents and Communications relating to the allegations in the Complaint.

17. All Documents and Communications produced to You in this Action by another party.

18. A copy of one un-expired government issued photo-ID issued to You showing Your birth date (*e.g.*, driver's license, passport).

19. A copy of one un-expired government issued photo-ID issued to You showing Your current address.

20. A copy of Your FOID card.

21. A copy of Your Concealed Carry License.

22. All documents You relied on or referred to in drafting Your declaration filed in this action on March 1, 2023.

23. A copy of Your most recent application for a FOID Card.

24. A copy of Your most recent application for a Concealed Carry License.

25. At least one photograph of each firearm You stated you own in Your Complaint and/or affidavit filed in this action on March 1, 2023.

26. For each firearm referenced or referred to in Your Complaint and/or affidavit dated March 1, 2023, a copy of the owners' manual or instructions for use, any bill of sale, receipt, or other Documents related to the purchase or transfer of such firearm, as well as Documents sufficient to show each firearm's serial number, make, model, and year purchased.

27. A copy of the following documents cited in Your Memorandum In Support Of Motion For Summary Judgment filed on March 1, 2023:

    a.    Oliver W. Holmes, The Stage-Coach Business In The Hudson Valley, THE QUARTERLY JOURNAL OF THE NEW YORK STATE HISTORICAL ASSOCIATION (1931).

    b.    Johnson, et al., SECOND AMENDMENT: REGULATION, RIGHTS, AND POLICY (3d ed. 2021).

    c.    David B. Kopel & Joseph G.S. Greenlee, The "Sensitive Places" Doctrine: Locational Limits on the Right to Bear Arms, 13 CHARLESTON L. REV. 205 (2018).

    d.    Eugene Volokh, Implementing the Right to Keep and Bear Arms for Self-Defense: An Analytical Framework and a Research Agenda, 56 UCLA L. REV. 1443 (2009).

28. All transcripts of testimony given by You, whether or not under oath, in any litigation, administrative hearing, civil or criminal proceeding, or hearing before a public entity or part thereof (such as a committee) of any kind relating to firearms, the FOID Act, the Firearm Concealed Carry Act, and/or the Second Amendment.

29. Copies of any documents and/or fare cards You have been issued by Amtrak, Metra, Pace, the CTA, or any other transportation agencies referenced in Your Complaint and/or affidavit filed in this action on March 1, 2023.

9

30. Copies of any documents and/or fare cards You have been issued for the purpose of riding on Amtrak, Metra, Pace, the CTA, or any other transportation agencies referenced in Your Complaint and/or affidavit filed in this action on March 1, 2023, including but not limited to any Ventra card issued to You.

31. All documents relating to, and/or correspondence with, Amtrak, Metra, Pace, the CTA, or any other transportation agencies, including all transportation agencies referenced in Your Complaint and/or affidavit filed in this action on March 1, 2023.

32. All documents evidencing any comments or statements, whether written or oral, made by You relating to the laws in question in this action, or the alleged restrictions imposed by those laws.

33. All documents relating to, or communications with, any Plaintiff in this Action.

April 27, 2023                                          Respectfully submitted,

Christopher G. Wells                         Defendants KWAME RAOUL, RICK AMATO,
Gretchen Helfrich                               ROBERT BERLIN, and ERIC RINEHART
Isaac Freilich Jones
Office of the Illinois Attorney General      By: KWAME RAOUL,
100 West Randolph Street, 11th Floor            Illinois Attorney General
Chicago, Illinois 60601
Tel. 312-814-3000                               */s/ Isaac Freilich Jones*
christopher.wells@ilag.gov                      *One of the Attorneys for Defendants Kwame*
gretchen.helfrich@ilag.gov                      *Raoul, Rick Amato, Robert Berlin, and Eric*
isaac.freilichjones@ilag.gov                    *Rinehart*

*Schoenthal et al. v. Raoul et al.*, **Case No. 3:22-cv-50326 (N.D. Ill.)**

## CERTIFICATE OF SERVICE

The undersigned certifies that they have caused a copy of the foregoing to be served upon:

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
dsigale@sigalelaw.com

Jessica Scheller
Prathima Yeddanapudi
Silvia Mercado Masters
Cook County State's Attorney's Office Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
jessica.scheller@cookcountyil.gov
prathima.yeddanapudi@cookcountyil.gov
silvia.mercadomasters@cookcountyil.gov

by email at the above email addresses on April 27, 2023.

*/s/ Isaac Freilich Jones*_____
Isaac Freilich Jones

Isaac Freilich Jones
Office of the Illinois Attorney General
100 West Randolph Street, 11th Floor
Chicago, Illinois 60601
isaac.freilichjones@ilag.gov