IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BENJAMIN SCHOENTHAL *et al.*, *Plaintiffs,* v. KWAME RAOUL *et al.*, *Defendants.* | NO. 3:22-CV-50326 HONORABLE IAIN D. JOHNSTON |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Benjamin Schoenthal, Mark Wroblewski, Joseph Vesel, and Douglas Winston bring this action against Defendants Illinois Attorney General Kwame Raoul, DeKalb County State's Attorney Rick Amato, DuPage County State's Attorney Robert Berlin, Cook County State's Attorney Kimberly Foxx, and Lake County State's Attorney Eric Rinehart. They allege that the Illinois Firearm Concealed Carry Act's ban on carrying firearms on public transportation, 430 ILCS 66/65(a)(8), violates the Second Amendment. Before the Court are three motions for summary judgment—one from Plaintiffs and two from Defendants. Accompanying their motion, Plaintiffs filed an appendix of sources that they cited in their briefs. Dkt. 72.[1] This appendix contained a mix of primary and secondary sources that the Plaintiffs use for their analysis under *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), including book excerpts, newspaper scans, and statutes—fifty-six sources in total.

---

[1] Ms. Foxx doesn't make the same argument against the appendix that Plaintiffs filed with their response to Defendants' motions for summary judgment, Dkt. 91, so this order is limited to Plaintiffs' first historical appendix.

1

Ms. Foxx, in her response to Plaintiffs' motion, asked for discovery sanctions under Federal Rule of Civil Procedure 37(c) for the Plaintiffs' failure to disclose the documents in the appendix in discovery.

Under Rule 26(a), Plaintiffs were required to produce in their initial disclosures "all documents, electronically stored information, and tangible things" that they "may use to support [their] claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). In addition, Defendants requested all documents that Plaintiffs intended "to rely on to support [their] claims" and "to use at hearing, at trial, or in support of any motion for summary judgment." Dkt. 86-1 at 6. Plaintiffs admit that they didn't produce these documents.[2] They claim they didn't need to because *Bruen* puts the burden on the government to present historical sources, but which side bears the legal burden in an analysis doesn't absolve Plaintiffs of their discovery obligations. Plaintiffs also claim that they could have simply cited the statutes without providing them separately, but that doesn't address the other types of sources contained in the appendix.[3]

A violation of Rule 26(a) or 26(e)(1) results in automatic exclusion unless the sanctioned party can show that the violation was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 959 (N.D. Ill.

---

[2] In addition to Ms. Foxx's observation that some of the documents have timestamps of May 24, 2023, the Court notes two more reasons to believe Plaintiffs had these documents before the close of fact discovery on September 22, 2023—(1) Plaintiffs initially filed a motion for summary judgment before the parties even had a Rule 26 scheduling conference, and (2) Plaintiffs made clear during a status hearing that they didn't believe this was "a fact discovery case." *See* Dkt. 42 at 19:20-22, 26:13-16.

[3] It is these other sources, especially the newspaper scans, that raise the question of whether Plaintiffs violated their discovery obligations.

2021). District courts have "broad discretion" in determining if a violation was substantially justified or harmless. *David*, 324 F.3d at 857 (quoting *Mid-Am. Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). The Seventh Circuit has laid out the following factors, which track the language of Rule 37, to guide district courts in exercising this discretion: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*; *DR Distribs.*, 513 F. Supp. 3d at 960-61.

Plaintiffs argue that there was no prejudice to Defendants because they had two opportunities to respond to these sources in briefing. But had Plaintiffs produced the documents during fact discovery, Defendants could have provided those documents to their retained experts—waiting until summary judgment deprived Defendants of the opportunity to do so. *See also, e.g.*, *McAtee v. Buca Rests., Inc.*, No. 10-cv-1090, 2011 U.S. Dist. LEXIS 138902, at *9-10 (S.D. Ind. Dec. 2, 2011) (finding prejudice because the party's expert had written his report without the benefit of the untimely disclosed documents). Plaintiffs also point out that Defendants' experts discussed some of the same statutes, but that doesn't make harmless the withholding of the other documents. *Cf. Charter House Ins. Brokers, Ltd. v. N.H. Ins. Co.*, 667 F.2d 600, 604 (7th Cir. 1981) (partial compliance doesn't fully cure disobedience). Contrary to Plaintiffs' position, their conduct caused prejudice to Defendants. Plaintiffs argue

3

nothing regarding the other factors under Rule 37, so the Court finds that the failure to comply with discovery rules was not substantially justified or harmless.

Sanctions must be "proportionate to the infraction," but the Court has broad discretion in determining appropriate sanctions. *Salgado by Salgado v. GMC,* 150 F.3d 735, 740 (7th Cir. 1998); *DR Distribs.,* 513 F. Supp. 3d at 959-60. The party facing sanctions also bears the burden to establish that the imposition of sanctions would be unjust, *id.* at 959, but Plaintiffs don't make any such showing. The Court prefers to decide things based on evidence, and Rule 37 permits sanctions other than excluding the offending documents, Fed. R. Civ. P. 37(c)(1)(A)-(C), so the Court won't automatically exclude the documents.[4] Instead, Defendants shall inform the Court by May 15, 2024, whether they would like an additional thirty days for their experts to review the materials contained in the historical appendix, Dkt. 72, and to revise their reports. Plaintiffs shall pay for the experts' time in reviewing the new material and revising their reports. If no revisions to the expert reports are needed, the Court will proceed in deciding the pending summary judgment motions.

Date: May 1, 2024

_____
HONORABLE IAIN D. JOHNSTON
*United States District Judge*

---

[4] The Court assumes that Plaintiffs have now fulfilled their discovery obligations and produced all relevant documents to Defendants.

4