IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BENJAMIN SCHOENTHAL, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> KWAME RAOUL, *et al.*, <br><br> Defendants. | No. 3:22-CV-50326 <br><br> Hon. Iain D. Johnston |

## JOINT MOTION FOR STATUS HEARING

Defendant Kimberly M. Foxx, in her capacity as State's Attorney of Cook County, jointly with Defendants Kwame Raoul, in his capacity as Illinois Attorney General, Rick Amato, in his capacity as State's Attorney of DeKalb County, Robert Berlin, in his capacity as State's Attorney of DuPage County, and Eric Rinehart in his capacity as State's Attorney of Lake County, and with the Plaintiffs, Benjamin Schoenthal, Mark Wroblewski, Joseph Vesel, and Douglas Winston, by their respective counsel of record, now move this court to hold a status hearing to discuss supplemental briefing regarding *United States v. Rahimi*.

### INTRODUCTION AND BACKGROUND

Plaintiffs filed the instant action on September 20, 2022. Dkt. 1. Plaintiffs challenge the constitutionality of 430 ILCS 66/65-(a)(8), which provides that persons holding concealed carry licenses under the Illinois Firearm Concealed Carry Act, 430 ILCS 66/1 *et seq.*, "shall not knowingly carry a firearm on or onto . . . . [a]ny bus, train, or form of transportation paid for in whole or in part with public funds, and any building, real property, and parking area under the control of a public transportation facility paid for in whole or in part with public funds." 430 ILCS 66/65-(a)(8). Plaintiffs assert that, under the analytical framework announced in *N.Y. State Rifle &*

*Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), the statute is inconsistent with the Second Amendment and unconstitutional. The parties have briefed cross motions for summary judgment, in which they each argue, in part, over the scope of meaning of *Bruen* and the impact of its holding on the constitutionality of the statute.

On June 21, 2024, the Supreme Court released its opinion in *U.S. v. Rahimi*, 2024 U.S. LEXIS 2714. The parties agree that *Rahimi* elaborated on the meaning of the Court's holding in *Bruen*. The parties have conferred and are in agreement that a status hearing would be helpful to this court in determining whether to order supplemental briefing. The parties' proposals are as follows:

Defendant Foxx:

Because summary judgment motions are fully briefed, this court has not heard from the parties regarding the meaning, scope, and impact of *Rahimi*. Further, *Rahimi* has given rise to additional arguments that were not previously advanced in the summary judgment briefing. Supplemental briefing in light of *Rahimi* will be helpful to this court in ruling on the cross-motions for summary judgment and is in the interests of justice. Defendant Foxx proposes the parties file supplemental briefs as follows:

1. Defendants shall have thirty (30) days to file a supplemental brief, limited to ten pages;
2. Plaintiffs shall have thirty (30) days to file a response brief, limited to ten pages;
3. Defendants may file a reply brief within fourteen (14) days, limited to five pages.

Defendants Raoul, Amato, Berlin, and Rinehart:

*Rahimi* is of direct relevance to this action, including because (i) it clarified the way in which the standard established in *Heller* and *Bruen* must be applied, and (ii) directly addressed the significance of certain historical regulations that have been discussed in the previously-filed

summary judgment briefing. *See*, *e.g.*, *Rahimi*, 2024 U.S. LEXIS 2714, at *17–18 (discussing application of *Heller* and *Bruen*); *id.* at *23–24 (discussing laws of affray); *id*. at *25 (discussing "expressly codified prohibitions on going armed" established in Virginia and North Carolina). Defendants Raoul, Amato, Berlin, and Rinehart (the "State Parties") therefore do not oppose the briefing schedule proposed by Defendant Foxx. In the alternative, the State Parties respectfully propose that it would be sufficient to file supplemental briefs as follows:

- The State Parties and Defendant Foxx shall have 21 days to file supplemental briefs, each limited to ten pages—the State Parties anticipate that their supplemental brief will be no more than five pages long;
- Plaintiffs shall have 21 days to file a combined response to the briefs of (a) the State Parties and (b) Cook County of no more than twenty pages;
- No replies.

Plaintiffs:

Plaintiffs assert that *Rahimi* was a narrow decision that does not impact this case. However, should the Court wish additional briefing regarding *Rahimi*, Plaintiffs believe it should be limited and concise. Plaintiffs therefore request leave to submit briefing and/or responses commensurate to that afforded to the Defendants so that Plaintiffs do not suffer prejudice, especially as Defendant Foxx has represented (during a videoconference amongst counsel regarding this issue) that she intends to introduce new theories and arguments *via* said supplemental briefing. To the extent Plaintiffs are asked to choose between the Defendants' proposed briefings listed above, Plaintiffs would select that of the Raoul, *et al* Defendants.

WHEREFORE, Defendants Kimberly Foxx, Kwame Raoul, Rick Amato, Robert Berlin, and Eric Rinehart, and Plaintiffs Benjamin Schoenthal, Mark Wroblewski, Joseph Vesel, and Douglas Winston, respectfully request this Court schedule a status hearing to discuss ordering supplemental briefing limited to *United States v. Rahimi*, and for any other relief the court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| KIMBERLY M. FOXX<br>State's Attorney of Cook County | KWAME RAOUL, RICK AMATO, ROBERT BERLIN, and ERIC RINEHART |
| By:<br>/s/ Edward M. Brener<br>Assistant State's Attorney | /s/ Isaac Freilich Jones<br>Assistant Attorney General<br>Office of the Illinois Attorney General |
| 500 Richard J. Daley Center<br>Chicago, Illinois 60602<br>edward.brener@cookcountysao.org<br>(312) 603-5971<br>Jessica Scheller<br>Prathima Yeddanapudi<br>Silvia Mercado Masters<br>Megan Honingford | 115 S. Lasalle St., 20th Floor<br>Chicago, IL 60603<br>isaac.freilichjones@ilag.gov<br>(312) 814-3000 |
| *Counsel for Defendant Foxx* | *Counsel for Defendants Raoul, Amato, Berlin, and Rinehart* |

/s/ David G. Sigale
David G. Sigale
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
dsigale@sigalelaw.com
(630) 452-4547

*Counsel for Plaintiffs*