IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BENJAMIN SCHOENTHAL, *et al.*, | |
| Plaintiffs, | No. 3:22-CV-50326 |
| v. | Hon. Iain D. Johnston |
| KWAME RAOUL, *et al.*, | |
| Defendants. | |

**DEFENDANT FOXX'S MOTION FOR SUPPLEMENTAL BRIEFING REGARDING *UNITED STATES V. RAHIMI***

Defendant Kimberly M. Foxx, in her capacity as State's Attorney of Cook County, by and through her assistants Edward M. Brener and Megan Honingford, for her motion for supplemental summary judgment briefing discussing the impact of *United States v. Rahimi*, states as follows:

**INTRODUCTION AND BACKGROUND**

Plaintiffs filed the instant action on September 20, 2022. Dkt. 1. Plaintiffs challenge the constitutionality of 430 ILCS 66/65-(a)(8), which provides that persons holding concealed carry licenses under the Illinois Firearm Concealed Carry Act, 430 ILCS 66/1 *et seq.*, "shall not knowingly carry a firearm on or onto . . . . [a]ny bus, train, or form of transportation paid for in whole or in part with public funds, and any building, real property, and parking area under the control of a public transportation facility paid for in whole or in part with public funds." 430 ILCS 66/65-(a)(8). Plaintiffs assert that, under the analytical framework announced in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), the statute is inconsistent with the Second Amendment and unconstitutional. The parties have briefed cross motions for summary judgment, in which they each argue, in part, over the scope and meaning of *Bruen* and the impact of its holding on the

1

constitutionality of the statute.

On June 21, 2024, the Supreme Court released its opinion in *U.S. v. Rahimi*, 2024 U.S. LEXIS 2714. In *Rahimi*, the Court elaborated on the meaning of its holding in *Bruen*. Specifically, the Court explained that lower courts have misinterpreted its holding in *Bruen*, functionally requiring the government to identify a 'historical twin' regulation to satisfy its analogical burden. *Rahimi*, 2024 U.S. LEXIS at *17. Instead, the Court made clear that the *Bruen* framework did not "suggest a law trapped in amber." *Id.* at *16.

In the event this court finds that the statute falls within the plain text of the Second Amendment, it must decide whether the statute is "consistent with the principles that underly our regulatory tradition." *Rahimi*, 2024 U.S. LEXIS at *16. To reach that conclusion, the court must determine whether the historical analogues offered by Defendant Foxx and the other government defendants are relevantly similar to the statute. *Id.* Defendant submits that the Supreme Court's discussion in *Rahimi* will be helpful to this court in weighing whether the analogues proposed by the defendants are relevantly similar, and that the parties should be permitted to file supplemental briefs limited to *Rahimi* and its impact on this matter.

Because summary judgment motions are fully briefed, this court has not heard from the parties regarding the meaning, scope, and impact of *Rahimi*. An order granting the parties supplemental briefing on the limited issue of *Rahimi* will rectify that omission. Defendant Foxx proposes the following briefing schedule:

1. Defendants to file supplemental briefs, limited to the impact of *Rahimi*, by July 26, 2024.
2. Plaintiffs to file supplemental response briefs by August 9, 2024.
3. Defendants to file reply briefs by August 16, 2024.

2

WHEREFORE, Defendant Kimberly Foxx respectfully requests this Court grant all parties leave to file supplemental briefs regarding *U.S. v. Rahimi*, and for any other relief the court deems just and proper.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Edward M. Brener*
Edward M. Brener
Megan Honingford
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5971/3630
Edward.brener@cookcountysao.org
Megan.honingford@cookcountysao.org