IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BENJAMIN SCHOENTHAL, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> KWAME RAOUL, *et al.*, <br><br> Defendants. | No. 3:22-CV-50326 <br><br> Hon. Iain D. Johnston |

**JOINT MOTION TO STAY ATTORNEY FEE AND COST PROCEEDINGS AND VACATE ATTORNEY FEE AND COST DEADLINES PENDING APPEAL**

Plaintiffs and Defendants – by and through their respective undersigned counsel, respectfully move this Court to stay all proceedings and vacate all deadlines relating to attorney fees and non-taxable expenses under Local Rule 54.3 and Federal Rule of Civil Procedure 54(d), as well as costs under Local Rule 54.1(a) and Federal Rule of Civil Procedure 54(d), until Defendants' forthcoming appeal is finally concluded and is no longer subject to review by any court, whether by additional appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise. In support of this motion, the parties state:

1. On August 30, 2024, the Court issued a Memorandum Opinion and Order (Dkt. # 108), and Judgment (Dkt. # 109), dismissing without prejudice all claims against Defendants Amato and Rinehart for lack of subject matter jurisdiction, denying the motions for summary judgment of Defendants, and granting in part the summary judgment motion of Plaintiffs.

2. On September 5, 2024, Defendants filed a Motion to Stay Judgment Pending Appeal indicating that they intend to appeal the Court's final Opinion and Judgment (Dkt. # 110 at 2).

3. Plaintiffs intend to seek reimbursement of their fees and costs in this matter.

4. A district court "retains jurisdiction to consider a fee petition … in a civil case even after a final judgment has been entered." *Kedziora v. Citicorp Nat'l Servs.*, 901 F. Supp. 1321, 1333 n.8 (N.D. Ill. 1995). Federal Rule 54(d) provides that a motion for attorney fees must typically be filed "no later than 14 days after the entry of judgment." FED. R. CIV. P. 54(d). Local Rule 54.3(b) modifies that default rule, and requires that such a motion be "filed and served no later than 91 days after the entry of the judgment … on which the motion is founded." L.R. 54.3(b); *see also Robinson v. City of Harvey*, 617 F.3d 915, 918 (7th Cir. 2010) (Local Rule 54.3(b) "extends" the typical deadline set in Fed. R. Civ. P. 54(d)). Before that deadline, the local rules require the parties to engage in a meet and confer process to attempt to come to agreement on an appropriate fee award, with the initial exchange of information to take place within 21 days of entry of judgment. *See* L.R. 54(d)(4).

5. Local Rule 54.3(b) provides that "before or after the entry of judgment the court may enter an order with respect to the filing of a fee motion pursuant to Fed. R. Civ. P. 54," and that such an order may "include[] a different schedule" for fee-related filings. A district court generally "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In deciding whether to stay specific proceedings within a case, courts consider the following factors: (1) whether a stay will simplify the issues in question and streamline proceedings; (2) whether a stay will reduce the burden of litigation on the court and the parties; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party. *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (same).

6. Additionally, Local Rule 54.1(a) provides that "[w]ithin 30 days of the entry of a judgment allowing costs, the prevailing party shall file a bill of costs with the clerk and serve a copy of the bill on each adverse party . . . The court may, on motion filed within the time provided for the filing of the bill of costs, extend the time for filing the bill." *See* L.R. 54(a).

7. The Court should enter an order staying attorney fee-related – and cost - proceedings and vacating associated deadlines until Defendants' forthcoming appeal is finally concluded and is no longer subject to review by any court, whether by additional appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise. Such a stay would simplify the issues in question, streamline proceedings, and reduce the burden of litigation on the Court and the parties because the resolution of Defendants' forthcoming appeal will be relevant to determining whether, and the extent to which, Plaintiffs are the prevailing party in this case. Moreover, because all parties are joining this motion, and the Court has authority to set a schedule for considering fee-related and cost-related issues after final judgment, no party will be prejudiced or tactically disadvantaged by the relief requested here.

8. Accordingly, all parties respectfully move the Court to stay all proceedings and vacate all deadlines relating to attorney fees and non-taxable expenses under Local Rule 54.3 and Federal Rule of Civil Procedure 54(d), and cost-related proceedings under Local Rule 54.1(a) and Federal Rule of Civil Procedure 54(d), until Defendants' forthcoming appeal is finally concluded and is no longer subject to review by any court, whether by additional appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise.

Dated: September 13, 2024                      Respectfully submitted,

                                                           /s/ David G. Sigale
                                                           Attorney for Plaintiffs
                                                           David G. Sigale (Atty. ID# 6238103)
                                                           LAW FIRM OF DAVID G. SIGALE, P.C.
                                                           55 West 22nd Street, Suite 230
                                                           Lombard, IL 60148
                                                           630.452.4547
                                                           dsigale@sigalelaw.com

| | |
|---|---|
| Christopher G. Wells | Defendants in their official capacities |
| Gretchen Elizabeth Helfrich | KWAME RAOUL and ROBERT BERLIN |
| Isaac Freilich Jones | |
| Office of the Illinois Attorney General | By: KWAME RAOUL, |
| 115 S. LaSalle St., 30th Floor |      Illinois Attorney General |
| Chicago, IL 60603 | |
| Tel. 312-814-3000 | */s/ Isaac Freilich Jones* |
| christopher.wells@ilag.gov | One of the Attorneys for Defendants in their |
| gretchen.helfrich@ilag.gov | official capacities Raoul and Berlin |
| isaac.freilichjones@ilag.gov | |
| | |
| Jessica M. Scheller | KIMBERLY M. FOXX |
| Prathima Yeddanapudi | *Cook County State's Attorney* |
| Silvia Mercado Masters | |
| Assistant State's Attorneys | *s/ Jessica M. Scheller* |
| 500 Richard J. Daley Center | Jessica M. Scheller |
| Chicago, Illinois 60602 | Deputy Chief; Civil Actions Bureau |
| (312) 603-6934/5463 | |
| Jessica.Scheller@cookcountysao.org | |
| Prathima.Yeddanapudi@cookcountysao.org | |
| silvia.mercadomasters@cookcountysao.org | |

**CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

1. On September 13, 2024, the foregoing document was electronically filed with the District Court Clerk via CM/ECF filing system;

2. Pursuant to F.R. Civ. P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

                                                                                       /s/ David G. Sigale
                                                                                         Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
630.452.4547
dsigale@sigalelaw.com