IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BENJAMIN SCHOENTHAL, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> KWAME RAOUL, *et al.*, <br><br> Defendants. | No. 3:22-cv-50326 <br><br> Hon. Iain D. Johnston |

### REPLY IN SUPPORT OF MOTION TO STAY JUDGMENT PENDING APPEAL

Plaintiffs' arguments in opposition to a stay pending appeal are meritless, and should be rejected. For example, in arguing that the automatic Rule 62(a) stay does not apply, Plaintiffs cite cases decided between 1982 and 2017, missing that the current Rule 62(a) stay became effective on December 1, 2018. Plaintiffs concede the *Bruen* standard is unsettled and unclear, but nonsensically argue there is no possibility this Court could be reversed on appeal. And their suggested balancing of harms simply misunderstands the applicable standard. In sum, Plaintiffs' Opposition fails to rebut any of Defendants' arguments in favor of a stay. The Court should therefore enter an order staying the Court's judgment during the pendency of Defendants' forthcoming appeal, until Defendants' forthcoming appeal is finally concluded and is no longer subject to review by any court.

**I.  The Court's Judgment is subject to the 30-day automatic stay.**

In their Motion to Stay Judgment Pending Appeal ("Motion"), Defendants showed that the Court's judgment was subject to the automatic 30-day Rule 62(a) stay, and is unenforceable through September 30, 2024, unless the Court orders otherwise. *See* ECF 110, at 3–4.

1

Relying on cases published between 1969 and 2017,[1] Plaintiffs assert that "text, structure, and precedent all show that Rule 62(a)'s automatic stay does not apply here." *See* Plaintiffs' Response in Opposition to Defendants' Motion to Stay The Judgment Pending Appeal ("Opp."), ECF 112, at 3–5. But current Rule 62(a) **became effective on December 1, 2018**, through an amendment to the federal rules that reorganized, restructured, and rewrote the provisions relating to stays of judgments. *See* Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment ("Subdivisions (a), (b), (c), and (d) of former Rule 62 are reorganized and the provisions for staying a judgment are revised."); *see also Deutsche Bank Nat'l Tr. Co. v. Cornish*, 759 F. App'x 503, 504 (7th Cir. 2019) (construing "the new 2018 version[] of Federal Rule of Civil Procedure 62(b) … that took effect on December 1, 2018"). In other words, Plaintiffs' arguments are generally based on "text" and "structure" that no longer exist, and "precedent" that no longer applies. Not only that, but Plaintiffs admit that the cases they cite concern "Rule 62(d)'s stay pending appeal rather than 62(a)'s 30-day stay"—a different issue entirely. Opp., ECF 112, at 4.

Aside from their citation to irrelevant caselaw, Plaintiffs identify only one feature of the current version of Rule 62(a) purportedly in support of their position. Plaintiffs point out that "Rule 62(a)'s automatic stay provision is subject to the exceptions 'provided in Rule 62(c) and (d),'" and that under Rule 62(c) "an interlocutory or final judgment in an action for an injunction or receivership" is "not stayed after being entered." Opp., ECF 112, at 3–4. In other words, according to Plaintiffs, if a party has ever sought an injunction in an action, then no interlocutory or final

---

[1] Plaintiffs cite: *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992); *Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526 (7th Cir. 1982); *Illinois Bell Tel. Co. v. WorldCom Techs., Inc.*, 157 F.3d 500, 502 (7th Cir. 1998); *Gallo v. Mayo Clinic Health Sys.-Franciscan Med. Ctr., Inc.*, 2017 WL 1380620, at *1 (W.D. Wis. Apr. 17, 2017); *Tri Cnty. Wholesale Distribs., Inc. v. Labatt USA Operating Co., LLC*, 311 F.R.D. 166, 173 (S.D. Ohio 2015); *Dewey v. Reynolds Metals Co.*, 304 F. Supp. 1116, 1118 (W.D. Mich. 1969).

judgment ever entered in that action can be subject to the automatic stay. *Id.* Because they sought (and were denied) an injunction here, Plaintiffs say, the Rule 62(a) stay does not apply to the declaratory judgment they obtained. *Id.*

Plaintiffs miss that the text of Rule 62(c), which defines the scope of its applicability, defeats their argument. Courts determine the scope of applicability of a rule of procedure by considering its title. *See N. Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) ("As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone."); *Hudson v. Nabisco Brands*, 758 F.2d 1237, 1240 (7th Cir. 1985) ("It is obvious from … the title of the rule, that section (b) only applies to *pretrial* matters."); *McCullough v. Hanley*, 2019 U.S. Dist. LEXIS 135225, at *24 (N.D. Ill. Aug. 12, 2019) ("[C]onsider the title of the rule. The title addresses the circumstances when the rule may be applicable.") (Ex. 1). Here, the title and text of Rule 62(c) shows that this provision applies to "an Injunction, Receivership, or Patent Accounting Order," whether it is "an interlocutory or final judgment," "in an action for an injunction or receivership." Fed. R. Civ. P. 62(c). Because the Court did not enter an "Injunction, Receivership, or Patent Accounting Order," the Rule 62(c) exception to the Rule 62(a) stay does not apply. *Id.* Moreover, Plaintiffs' construction should be rejected because it creates the absurd and illogical result—specifically, if Plaintiffs are right then a monetary judgment entered in a case where a party has previously sought injunctive relief is *not* subject to the automatic 62(d) stay, while a monetary judgment in a case where *no* party has sought injunctive relief *is* subject to such a stay. *Cf. Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 976 (7th Cir. 2004) ("We interpret statutes to avoid absurd results."). Consequently, the Court's judgment should not (and cannot) be construed to fall into the Rule 62(c) exception to the Rule 62(a) automatic stay.

Beyond that, the 2018 amendment advisory committee notes also decisively refute

3

Plaintiffs' suggestion that the applicability of the Rule 62(a) stay depends on whether an action seeks relief that is monetary or nonmonetary in nature. Opp., ECF 112, at 4. While Plaintiffs insist the automatic stay applies only to money judgments in actions solely seeking monetary relief, ECF 112, at 3–4, the advisory committee's note expressly contemplates that the Rule 62(a) automatic stay would apply to "a judgment that does not involve a payment of money." Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment. Plaintiffs' interpretation of Rule 62 is contrary to its plain text, and must be rejected.

II.     **The Court should stay its judgment pending the resolution of Defendants' appeals.**

Defendants' motion showed that a stay is appropriate here because (i) the State has a sufficient likelihood of success on the merits to justify a stay, (ii) Plaintiffs will not be harmed if a stay is granted, (iii) Defendants will be irreparably harmed absent a stay, and (iv) the public interest favors a stay. *See* Motion, ECF 110, at 4–9. Plaintiffs' arguments to the contrary fail.

   A.     **Defendants' high likelihood of success on appeal weighs in favor of a stay.**

Plaintiffs do not dispute that a party seeking a stay pending appeal need not demonstrate that that they will "probably" win on appeal—in other words, they do not dispute that a likelihood of success on the merits of less than 50% is sufficient to obtain a stay. Opp., ECF 112, at 5. Nor do they dispute that the *Bruen* analysis is often unclear, including because (i) it is "new and fundamentally different" than the "two-step means-end approach" previously applied by the lower courts, (ii) it is "complicated," (iii) and it "left open a plethora of procedural questions about how to conduct the historical inquiry." *Id.* at 7–8. Plaintiffs also concede that the Court held in favor of Defendants with respect to numerous aspects of the *Bruen* methodology, including "(1) that the absence of any Founding-Era regulation of public transportation 'isn't a silver bullet,' (2) that evidence far removed in time from the Founding may be considered, and (3) that 'sensitive places' are not limited to areas where the government provides comprehensive security." *Id.* at 6.

4

Despite these admissions, Plaintiffs' say Defendants lack a sufficient likelihood of success on appeal because the Court previously rejected several arguments that Defendants will present on appeal. *See* Opp., ECF 112, at 5–7. This, of course, would be true in *any* case in which a party that has not prevailed in one court seeks a stay pending appeal, and says nothing about whether a stay is appropriate. Rather, the proper question in a motion to stay pending appeal is whether a court's rejection of the movant's argument is *sufficiently likely to be reversed*. *See Andrews v. Chevy Chase Bank, FSB*, 474 F. Supp. 2d 1006, 1010 (E.D. Wis. 2007). Here, the points Plaintiffs concede in their opposition standing alone show that the likelihood of reversal is sufficiently high to justify a stay. Specifically, Plaintiffs effectively concede that Second Amendment law is unsettled after *Bruen*, there is a lack of clarity around the methodology the *Bruen* standard demands, and that this Court has already sided with Defendants with respect to the application of *Bruen* in numerous ways. *See* Motion, ECF 110, at 4–6. And Plaintiffs offer no response to the fact that courts across the country have reached different results on the basic questions presented by this case. *Id.* at *passim*. In fact, since Defendants filed their motion to stay, the Ninth Circuit recognized that a regulation that "allowed the carry of unloaded and secured firearms" on public transit (like the one at issue here, *see*, *e.g.*, 720 ILCS 5/24-1(a) (4)) "almost certainly would be constitutionally permissible." *Wolford v. Lopez*, __ F.4th __, 2024 U.S. App. LEXIS 22698, at *96 (9th Cir. Sep. 6, 2024) (Ex. 2). Together, these points demonstrate that the Court's final judgment was a sufficiently close call to justify a stay.

The decision in the case of *Andrews v. Chevy Chase Bank, FSB*, which Defendants cited in their motion and Plaintiffs failed to address in their response, is particularly instructive. In that case, a district court entered a carefully reasoned final judgment for plaintiffs in a case which turned on a complex legal question of first impression in the Seventh Circuit. *Andrews*, 474 F.

5

Supp. 2d at 1010. After acknowledging that "the Seventh Circuit may disagree with me" regarding that key issue, the *Andrews* court stayed its judgment pending appeal. *Id.* The same result should apply here. As in *Andrews*, this Court entered a carefully crafted judgment in an unclear area of the law, and did so because it believed its judgment to be correct. Also as in *Andrews*, there is a likelihood that the Seventh Circuit will disagree with this Court's conclusions. Consequently, and just as in *Andrews*, this Court should stay its judgment pending appeal.

As a final point, Plaintiffs suggest that a stay should be denied because the Court's judgment is "clear and unambiguous." Opp., ECF 112, at 7. This is a non-sequitur masquerading as argument. Defendants never argued the Court's judgment is not "clear." Rather, they argued the Court's judgment was likely to be overturned because the *standard* the Court applied is "unclear." Motion, ECF 110, at 4–6.

    **B.**   **The remaining equitable factors likewise favor a stay.**

Defendants' Motion showed that the remaining stay factors—harm to non-movants, harm to movants, and public interests—all favor a stay pending appeal. *See* Motion, ECF 110, at 6–9. Plaintiffs' attempts to dispute these points fall short. As an initial matter, Plaintiffs propose an approach to the balancing of harms analysis that improperly assumes the Court's final judgment was correct. *See* Opp., ECF 112, at 8–11. Not so. In determining whether to grant a stay pending appeal, a court considers "the irreparable harm that will result to each side if the stay is either granted or denied **in error**." *In re A & F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014) (emphasis added). In other words, a court must balance (i) the harm that would be experienced by the non-moving party if the court's final judgment was correct and a stay is entered, against (ii) the harm that would be experienced by the moving party if the court's final judgment is *incorrect*, and a stay is *not* entered. *Id.* Plaintiffs' analysis as to prong (ii) of the balancing exercise misses the mark because it fails to address the harm Defendants would experience if a stay is denied, and

6

the Court's final judgment is reversed. *See* Opp., ECF 112, at 8–9.

Applying their improper standard, Plaintiffs contend that the State cannot be harmed absent a stay because of: "the narrowness of the relief granted by the Court"; subsequent enforcement litigation would only arise if other parties do not understand the scope of the Court's order or Defendants refuse to comply; and the "limits on the State's "ability to enact and enforce its laws" at issue in this case, *id.*, do not flow from this Court's opinion; they flow *from the Second Amendment*." Opp., ECF 112, at 8–9. Each of these points misapplies the standard, because they do not evaluate harms to Defendants absent a stay *under a presumption that the Court's final judgment was wrongly decided.* When the standard is properly applied, the harms of the wrongful denial of a stay to Defendants are clear. Specifically, Defendants will be forced to improperly allow four individuals to violate state law, potentially defend "enforcement" actions that never should have been brought in the first place in multiple courts, and comply with an order inconsistent with the Second Amendment.

These harms are plainly irreparable, and vastly outweigh any harms to Plaintiffs if the Court's decision was correct and a stay is wrongly entered. *See* Motion, ECF 110, at 7–9. Contrary to Plaintiffs' claims, the undisputed record shows that Plaintiffs would rarely use the CTA or Metra even if they were allowed to carry concealed firearms for self-defense. There is no evidence in the record that Plaintiffs rely on the CTA or Metra for any important tasks that could not be conveniently accomplished in some other way. *See* Plaintiffs' Statement of Undisputed Facts, ECF 71, ¶¶ 11–40. In fact, the opposite is true. For example, Plaintiff Wroblewski only "rides public transportation for recreational purposes." *Id.* ¶ 19. Plaintiff Schoenthal only rides public transportation "occasionally" for work, and appears to have been able to do so safely without carrying a concealed weapon. *Id.* ¶ 11. Plaintiff Vesel has previously been able to "travel by car,"

7

and there is no evidence he no longer has this option. *Id.* ¶ 28. And Plaintiff Winston's stated need to travel by CTA was to recreationally "visit Chicago." *Id.* ¶ 38. Not only that, but all Plaintiffs continue to have the legal right to transport their firearms on their person to any destination in a "broken down in a non-functioning state," or "unloaded and enclosed in a case, firearm carrying box, shipping box, or other container." *See* 720 ILCS 5/24-1; *see also Wolford*, 2024 U.S. App. LEXIS 22698, at *96. This record shows there would be no meaningful harm to Plaintiffs if a stay were entered here, even if the Court's decision is ultimately upheld on appeal. Moreover, there is no guarantee Plaintiffs will be able to carry concealed weapons on public transit even absent a stay, as Metra and CTA will still be free to enact rules banning Plaintiffs from carrying concealed firearms on those systems during the pendency of any appeal, and after this case has finally concluded. *See* Opp., ECF 112, at 9 (admitting the Court's judgment applies only to Defendants and the four Plaintiffs).

Finally, Plaintiffs fail to meaningfully address Defendants' arguments regarding the public interest. Plaintiffs do not dispute that the Supreme Court and the Seventh Circuit have both made clear that stays pending appeal are appropriate where lower courts have questioned the constitutionality of firearm regulations. *See* Motion, ECF 110, at 7–8 (citing *Garland v. Vanderstok*, 144 S. Ct. 44 (2023); *Bevis v. City of Naperville*, 85 F.4th 1175, 1187 (7th Cir. 2023)). And they do not meaningfully articulate why this case is different from analogous earlier cases where stays have been entered. Plaintiffs also never respond to Defendants' arguments regarding the challenges created by uncoordinated litigation in multiple court systems. *See* Motion, ECF 110, at 8–9. The most that can be said as to Plaintiffs' public interest argument is that they assert without argument or citation to authority that public confusion is irrelevant to whether a stay should be entered. ECF 112 at 10–11. But Plaintiffs cannot explain why, if they are right, the Seventh Circuit

8

would have stayed implementation of *its own decision ruling a firearm regulation as unconstitutional for 180 days* to allow the Illinois legislature to craft a replacement. *See Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012). In sum, Plaintiffs' arguments fail to rebut Defendants' showing that the equitable factors favor a stay.

## CONCLUSION

For these reasons, and for the reasons addressed in Defendants' Motion to Stay Judgment Pending Appeal, ECF 110, Defendants respectfully request that the Court enter an order staying the Court's judgment during the pendency of Defendants' forthcoming appeal.

September 19, 2024

Christopher G. Wells
Gretchen Elizabeth Helfrich
Isaac Freilich Jones
Office of the Illinois Attorney General
100 West Randolph Street, 11th Floor
Chicago, Illinois 60601
Tel. 312-814-3000
christopher.wells@ilag.gov
gretchen.helfrich@ilag.gov
isaac.freilichjones@ilag.gov

Jessica M. Scheller
Prathima Yeddanapudi
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-6934/5463
Jessica.Scheller@cookcountysao.org
Prathima.Yeddanapudi@cookcountysao.org

Respectfully submitted,

Defendants in their official capacities KWAME RAOUL and ROBERT BERLIN

By: KWAME RAOUL,
   Illinois Attorney General

*/s/ Isaac Freilich Jones*
*One of the Attorneys for Defendants in their official capacities Kwame Raoul and Robert Berlin*

KIMBERLY M. FOXX
*Cook County State's Attorney*

*s/ Jessica M. Scheller*
Jessica M. Scheller
Deputy Chief; Civil Actions Bureau

9