IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BENJAMIN SCHOENTHAL, *et al.*, | |
| Plaintiffs, | No. 3:22-CV-50326 |
| v. | Hon. Iain D. Johnston |
| KWAME RAOUL, *et al.*, | |
| Defendants. | |

**DEFENDANT'S RESPONSE TO ORDER DATED SEPTEMBER 25, 2024**

Defendant Kimberly M. Foxx, in her capacity as State's Attorney of Cook County, through her undersigned counsel, in response to the Order dated September 25, 2024, states as follows:

**INTRODUCTION AND BACKGROUND**

On September 25, 2024, this Court issued an Order seeking clarification concerning the following sentence contained in Defendants' joint Motion to Stay Judgment Pending Appeal:

> Moreover, the potential safety implications of the Court's order are highlighted by a recent mass shooting on the CTAs Blue Line, in which four people were murdered with firearms three days after the Court's order was entered.

Dkt. 110, at 8. The Order requires the signatories of the Motion to appear before the Court at a hearing to explain what reasonable inquiry was done as to the legal contentions and the evidentiary support for the factual contentions contained in this sentence and to show cause why the factual and legal assertions in this sentence do not violate Rule 11(b). Dkt. 122.

Undersigned counsel hereby adopts and incorporates the Background and Legal Standard set forth in counsel for the State Defendants' Response to the Order Dated September 25, 2024. Dkt. 123. Rule 11 sanctions are not justified here as undersigned counsel's conduct was reasonable in adopting the State Defendants' Motion to Stay Judgment and the arguments made therein.

1

Undersigned counsel did not interpret any statements to be objectionable, or to have been made in bad faith.

## RESPONSE

The undersigned counsel joined in the Motion to Stay Judgment Pending Appeal (the "Motion") drafted by the State Defendants. While the undersigned counsel cannot speak to the intent of the drafter of the sentence in question, she can speak to what she believed the sentence meant when she adopted it. The sentence appears in a section of the brief which argues that the public interest overwhelmingly favors a stay of the judgment, one of three factors courts look to when determining whether a stay is warranted. *In re A & F Enters., Inc. II,* 742 F.3d 763, 766 (7th Cir. 2014). Undersigned counsel interpreted the sentence in question to state 1) that the Court's order granting judgment for Plaintiffs may implicate public safety because it allows Plaintiffs to carry firearms while on the CTA and certain Metra lines, and 2) the shooting on the CTA Blue Line which occurred highlights the community fear raised by firearms on public transit. Gun violence is a very real concern to the people of Cook County, and the fact that a mass shooting occurred on the CTA Blue Line shortly after the order issued highlights the very real gun violence problem faced by Cook County residents.

Undersigned counsel did not read the sentence in question to imply any causal connection between this Court's order and the subsequent shooting; nor was it counsel's intent to make such a logical leap. Because no causal connection was implied, the undersigned did not find it necessary to engage in any inquiry as to whether the Blue Line shooter had a concealed carry license or whether he was acting in self-defense. Those facts were not relevant to the mere fact that a shooting occurred on a CTA train a short time after the Court issued its order, thus highlighting the potential public safety concerns related to an increase of firearms on mass transit. The undersigned believed

Case: 3:22-cv-50326 Document #: 124 Filed: 10/01/24 Page 3 of 3 PageID #:4845

the sentence supported the argument that public interest favors a stay of judgment where the judgment may have public safety implications and is a matter of great public interest. The undersigned has been lead counsel on cases involving the Second Amendment for many years and is aware of the connection experts draw between decreasing regulation of firearms and the increase in crimes using firearms. *See Viramontes, et al. v. County of Cook, et al.*, No. 21-cv-4595, Dkt. 81-11, Expert Opinion of Professor Louis Klarevas, at ¶¶41, 43. Therefore, the undersigned counsel believed that the sentence in question was appropriate in the context of the public safety argument.

Rule 11 sanctions are not warranted. The undersigned's conduct was objectively reasonable in that no further inquiry was needed into the factual and legal basis for the claim asserted – which was merely asserting that there may be public safety implications in an order that permits individuals to carry firearms on the CTA and Metra lines.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully submits that there is no justification for Rule 11 sanctions. The undersigned neither argued nor intended to imply a causal connection between this Court's order and the shooting which was referenced in the Motion. To the extent the sentence could be interpreted in that way, the sentence is hereby withdrawn.

Respectfully submitted,
KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Jessica M. Scheller*
Jessica M. Scheller
Deputy Chief, Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-6934
jessica.scheller@cookcountysao.org

3