**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

BENJAMIN SCHOENTHAL, *et al.*,

                Plaintiffs,

       v.

KWAME RAOUL, *et al.*,

                Defendants.

No. 3:22-cv-50326

Hon. Iain D. Johnston

**PARTIES' POSITION ON PROCEEDINGS FOLLOWING THE SUPREME COURT'S
DENIAL OF PLAINTIFFS' *CERT* PETITION**

The parties respectfully submit this statement in response to the Court's order that they file "a joint written report on how the Court should proceed in light of the Seventh Circuit's reversal and remand for proceedings consistent with its opinion, as well as its dismissal of plaintiff Joseph Vesel based upon mootness" following the Supreme Court's denial of Plaintiffs' petition for a writ of *certiorari*. *See* Minute Entry, Dkt. 148.

**Statement of Defendants Attorney General Raoul, State's Attorney Berlin, and State's Attorney Burke**

1. For the reasons discussed below, the Court should vacate its previously entered summary judgment order, and enter judgment for Attorney General Raoul with respect to the claims of Plaintiffs Schoenthal, Wroblewski, and Winston; for State's Attorney Berlin with respect to the claims of Plaintiff Schoenthal; and for State's Attorney Burke with respect to the claims of Plaintiffs Schoenthal, Wroblewski, and Winston, for the reasons articulated in the Seventh Circuit's Opinion in this matter, Dkt. 133. Because the claims of Plaintiff Vesel are moot, his claims should be dismissed, and no judgment should be entered as to his claims. With all claims having been resolved, the Court should then close this case.

1

2.      On August 30, 2024, this Court found that "Plaintiffs' proposed conduct—carrying concealed handguns on public transit for self-defense—falls within the presumptive ambit of the Second Amendment, shifting the burden to Defendants to show that the Firearm Concealed Carry Act's ban falls within the historical tradition of firearm regulation in this country. On the record before the Court in this case," the Court ruled, "Defendants have failed to meet their burden." Opinion and Order, Dkt. 108, at 49. On that basis, this Court granted declaratory relief against Kwame Raoul, Kimberly Foxx, and Robert Berlin, in their official capacities relating to the claims of all four Plaintiffs. The Court denied Plaintiffs' request for injunctive relief and ruled that "[t]he claims against Rick Amato and Eric Rinehart are dismissed without prejudice for lack of subject-matter jurisdiction." *Id.* at 49.

3.      Defendants Raoul, Berlin, and Foxx[1] appealed, and the Seventh Circuit reversed, holding that "Section 65(a)(8) is well within our nation's history and tradition of firearm regulation." *See* Seventh Circuit Opinion, Dkt. 133, at 51. The Seventh Circuit also found that the claims of Plaintiff Vesel had become moot, and dismissed him from the appeal. *Id.* at 4 n.3. The Seventh Circuit then ordered the case remanded "for proceedings consistent with [the] opinion. *Id.* at 51.

4.      Plaintiffs' filed a petition for a writ of *certiorari* with the United States Supreme Court, and on April 6, 2026, the Supreme Court denied that petition. Plaintiffs' Status Report, Dkt. 147, at 2.

5.      The Seventh Circuit distinguishes "among three types of remand, two limited and one general one. In the more limited of the two types of limited remand the appellate court seeks a ruling or advice from the trial court and pending its receipt of that ruling or advice retains

---

[1] Defendant Burke was subsequently automatically substituted as a defendant in place of Foxx upon assuming the office of Cook County State's Attorney.

2

jurisdiction over the appeal. In a second type of limited remand the appellate court returns the case to the trial court but with instructions to make a ruling or other determination on a specific issue or issues and do nothing else. Finally, in a general remand the appellate court returns the case to the trial court for further proceedings consistent with the appellate court's decision, but consistency with that decision is the only limitation imposed by the appellate court." *United States v. Simms*, 721 F.3d 850, 852 (7th Cir. 2013) (cleaned up). "[T]he scope of the remand is determined not by formula, but by inference from the opinion as a whole." *Driveline Sys., LLC v. Arctic Cat, Inc.*, No. 08 C 50154, 2019 U.S. Dist. LEXIS 228073, at *7 (N.D. Ill. Oct. 23, 2019).

6. Here, the Seventh Circuit entered a general remand after squarely holding that "Section 65(a)(8) is well within our nation's history and tradition of firearm regulation." *See* Seventh Circuit Opinion, Dkt. 133, at 51. The only proceedings consistent with the Seventh Circuit's Opinion is for this Court to (i) vacate its order granting summary judgment in favor of Plaintiffs, and (ii) enter final judgment in favor of Attorney General Raoul with respect to the claims of Plaintiffs Schoenthal, Wroblewski, and Winston; for State's Attorney Berlin with respect to the claims of Plaintiff Schoenthal; and for State's Attorney Burke with respect to the claims of Plaintiffs Schoenthal, Wroblewski, and Winston, for the reasons articulated in the Seventh Circuit's Opinion, Dkt. 133.

7. Because the claims of Plaintiff Vesel are moot (*see* Minute Entry, Dkt. 148), his claims should be dismissed and no judgment should be entered with respect to his claims against any defendants. *See Chapman v. First Index, Inc.*, 796 F.3d 783, 786 (7th Cir. 2015) (recognizing that when a case is moot all a court may do is "dismiss for lack of a case or controversy").

8. With all claims having been resolved as described above, the Court should then close this case.

**Statement of Plaintiffs**

9.     In light of the Supreme Court's denial of Plaintiffs' Petition for Writ of *Certiorari*, and for the reasons stated in the Seventh Circuit's Opinion of September 2, 2025 in this matter (Dkt. #133), including the Seventh Circuit's instruction that the matter be remanded "for proceedings consistent with [the] opinion. *Id.* at 51, this Court should vacate its previously entered summary judgment order, and enter judgment for the Defendants as to Plaintiffs' respective claims (for Attorney General Raoul with respect to the claims of Plaintiffs Schoenthal, Wroblewski, and Winston; for State's Attorney Berlin with respect to the claims of Plaintiff Schoenthal; and for State's Attorney Burke with respect to the claims of Plaintiffs Schoenthal, Wroblewski and Winston).

10.     Because the claims of Plaintiff Vesel are moot (*see* Minute Entry, Dkt. 148), his claims should be dismissed and no judgment should be entered with respect to his claims against any defendants. *See Chapman v. First Index, Inc.*, 796 F.3d 783, 786 (7th Cir. 2015) (recognizing that when a case is moot all a court may do is "dismiss for lack of a case or controversy").

11.     With all claims having been resolved as described above, the Court should then close this case.

April 15, 2026                                      Respectfully submitted,

Christopher G. Wells                          Defendants in their official capacities KWAME
Gretchen Elizabeth Helfrich               RAOUL and ROBERT BERLIN
Isaac Freilich Jones
Office of the Illinois Attorney General    By: KWAME RAOUL,
100 West Randolph Street, 11th Floor           Illinois Attorney General
Chicago, Illinois 60601
Tel. 312-814-3000                             */s/ Isaac Freilich Jones*
christopher.wells@ilag.gov                    *One of the Attorneys for Defendants in their*
gretchen.helfrich@ilag.gov                    *official capacities Kwame Raoul and Robert*
isaac.freilichjones@ilag.gov                  *Berlin*

4

Jessica M. Scheller                         EILEEN O'NEILL BURKE
Prathima Yeddanapudi                        State's Attorney of Cook County
Silvia Mercado Masters
Edward M. Brener                    By:  */s/ Jessica M. Scheller*
Assistant State's Attorneys              *One of the Attorneys for Defendant Burke*
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-6934
jessica.scheller@cookcountysao.org
prathima.yeddanapudi@cookcountysao.org
silvia.mercadomasters@cookcountysao.org
edward.brener@cookcountysao.org


_____/s/ David G. Sigale_____
Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
630.452.4547
dsigale@sigalelaw.com